HODGES v. GOETZMAN.

**Procedure:** FINDINGS OF FACT AND LAW BY COURT : WHEN TO BE MADE AND FILED. When the court, upon the trial of a question of fact without a jury, makes a written statement of the facts found, and of the conclusions of law founded thereon, as provided by section 2743 of the Code, such findings must be made and filed before or at the time of the rendition of the judgment based thereon, unless the parties consent to an extension of the time for making and filing the same; but such consent can not be inferred from an agreement to extend the time for signing the bill of exceptions. Accordingly, *held* that where such findings were filed after judgment, without consent of parties, they became no part of the record, and exceptions thereto could not be considered on appeal. (Compare *Buck v. Holt*, 74 Iowa, 294.)

*Appeal from Boone District Court.*—Hon. S. M. Weaver, Judge.

Filed, January 15, 1889.

Action at law to recover from a stockholder of a corporation for pecuniary profits the amount of a debt against it, reduced to judgment, upon the grounds that the law was not complied with by the incorporators in the proceedings for the organization of the corporation. Upon a trial to the court without a jury a judgment was rendered for defendant. Plaintiff appeals.

*J. R. Whitaker,* for appellant.

*L. W. Reynolds* and *E. L. Green,* for appellee.

Beck, J.—I. The abstract of plaintiff shows that the district court, at the trial of the case, and as a part of the decision thereof, made a finding of facts, and announced conclusions of law leading to the decision. But defendant in an amended abstract denies that such findings of facts and conclusions of law were made by the court upon the decision of the case. On this ground counsel for defendant insists that, as the only errors assigned assail the alleged findings of fact and law, this court cannot review them for the reason that they were not made by the court at the time of the decision, but were made and filed by the judge after that time, without the consent of the parties. Plaintiff denies the amended abstract filed by defendant. In this way we are sent to what is called the "transcript of the record of the case on file in this court," from which we find the facts to be as follows: The court, at the term when the decision was made, neither filed nor announced any findings of fact and law. Neither of the parties requested such findings, and the record fails to show anything looking to the future making, announcing or filing thereof. After the term, and about two months subsequent to the rendition of the judgment in this case, the district judge filed the findings of fact and law.

The paper thus filed purports upon its face to have been signed by the judge on the day of the rendition of judgment, but it is not shown or claimed that it was deposited with the clerk prior to the day of filing indorsed thereon. It may be assumed that this paper was signed by the judge during the term ; but it cannot be claimed that it was filed with the clerk, or deposited in his office before, the day of filing indorsed thereon. Indeed, it is shown positively that it was filed on that day, by a statement of the bill of exceptions. The case, then, is this : The district court entered judgment, and made no announcement of the findings of fact and the law of the case, and there was no request that such findings should be made. At the term the judge prepared these findings, but did not file them, nor deposit them with the clerk, until after the term.

II.   The statute provides that in trials of fact "the court shall, if either party requests it, give its decision in writing, stating separately the facts found, and the legal conclusion founded thereon, and the whole decision shall be a part of the record, and the finding shall have the effect of a special verdict." Code, sec. 2743. It is plain that the decision contemplated in this provision must precede or be contemporaneous with the judgment, which, of course, rests on the decision. The judgment cannot be made until there has been a decision. The findings of fact and law are a part of the decision ; they therefore must be made prior to or at the time the judgment was rendered, unless upon consent of parties to the contrary. This cannot be doubted, and the reason of the provision is obvious. The parties at the time of the judgment should be informed of the grounds of the decision, to the end that they may pursue any course authorized by law for the correction of errors therein, should there be any. If the judge may retain in his possession the findings of fact for two months, as in this case, he may hold it until the time for taking an appeal is about to expire ; thus depriving the parties of the opportunity to make preparation for trial on the appeal. It is plain that

justice and fairness require the findings to be filed at the term prescribed by the statute, namely, when the judgment is rendered.

III. Another thought supports our conclusion. The statute just cited provides that the court shall make the findings. If it be not done in term, it is not done by the court, but by the judge, which is against the provision of the statute. Doubtless, by consent of parties, the time for presenting the findings may be extended after the term.

IV. The parties agreed that the time for signing the bill of exceptions should be extended to ninety days, but this gave no authority to the judge to file the findings of fact after judgment was rendered. The bill of exceptions is intended to embody—to be a record of— the proceedings noted therein. By copying the findings into the bill of exceptions they became a part of the record. It does not show that the findings were filed in the time required by the statute. *Buck v. Holt*, 74 Iowa, 294, contains nothing in conflict with these views. We reach the conclusion that the findings of fact and law, not having been made when required by the statute, cannot be considered in this court. As the errors assigned relate to no other part of the record, there is no question presented in the case which we are authorized to determine.

The judgment of the district court must be

AFFIRMED.