LOEWEN *et al., Appellants*, v. FORSEE *et al.*

### Division Two, January 19, 1897.

1. **Practice**: FINDING OF FACTS: STATUTE. Under section 2135, Revised Statutes, 1889, requiring the court on the request of either party to state a finding of facts in writing separately from the conclusions of law, findings filed after judgment, as of the date of the judgment, are not a part of the record, and will not be reviewed on appeal.

2. **Parol Agreement**: STATUTE OF FRAUDS. An oral tripartite agreement providing that a vendor of land is to hold his purchase money deed of trust subject to a second deed of trust given to a third person to secure a loan by him to the vendee to enable the latter to build on the land, is not within the statute of frauds.

3. ———: CONSIDERATION. Such loan to the vendee is a sufficient consideration for the agreement by the vendor that the deed of trust securing the loan should have priority over the deed of trust to secure the purchase money.

4. ———: ASSIGNEE OF NOTES: NOTICE: DEED OF TRUST. Such agreement binds one who, knowing of it, takes an assignment of the purchase money notes, though before maturity and for value, and although the purchase money deed of trust was first filed for record.

5. **Negotiable Note**: COLLATERAL SECURITY: PREEXISTING DEBT: EQUITIES. Where a negotiable note is transferred merely as collateral security for a preexisting debt, no new consideration being given for it, the transferee takes it subject to all the equities existing between the original parties. (*Goodman v. Simonds*, 19 Mo. 107, approved.)

6. ———: ———: ———: ———. A negotiable note transferred before maturity merely as a collateral security for a preexisting debt, without any agreement extending the time of the payment of such debt, is subject to all the equities existing between the original parties.

7. ———: ———: ———: ———. Such note assigned after maturity, though for a valuable consideration, is also subject, in the hands of the assignee, to all equities existing between the original parties.

*Appeal from Johnson Circuit Court.*—HON. W. W. WOOD, Judge.

REVERSED AND REMANDED.

*F. M. Black, Kinley & Kinley,* and *I. J. Ringolsky* for appellants.

(1) An agreement, though verbal, that one of the two mortgages executed at the same time shall be a first lien, will be enforced, although the mortgage foreclosed was postponed first. *Bigler v. Light,* 90 Pa. St. 235; *Beasley v. Henry,* 6 Ill. App. 485; *Maze v. Burk,* 12 Phila. 335. (2) Parol evidence of an agreement and representations made by the parties at the time of making the mortgage, is admissible to show which of the mortgages the mortgagor directed to be filed first, and which of the mortgages it was agreed should be the first lien on lot 71, Carlton Place. *Linville v. Savage,* 58 Mo. 248. (3) If W. C. and S. P. Forsee were still the owners of the notes secured by the Hoos trust deed given to S. S. Forsee, and they induced Hicks to believe he was to have a first lien for the money loaned by him to improve the lot, then they would be estopped from claiming their deed of trust a prior lien to Hicks' deeds of trust. For their inducing Hicks to act on the theory, he was to have a first lien, it would be a fraud on Hicks for the Forsees to assert first lien in themselves. *Brown v. Beers,* 6 Conn. 108; *Stafford v. Ballou,* 17 Vt. 320; *Rice v. Bunce,* 49 Mo. 231; *Longworth v. Aslin,* 106 Mo. 155. (4) Mrs. Forsee took the Hoos notes subject to the equities in favor of Hicks, because it has been uniformly held that in order to entitle innocent grantees and assignees of mortgages to protection against prior unrecorded conveyances, or other equities, they must have parted with something

of value, as a consideration before receiving notice of the prior conveyance or equity. Mrs. Forsee parted with nothing for the Hoos notes and security; she took them, if at all, as security for a preexisting debt. *Napa Valley Wine Co. v. Rinehart*, 42 Mo. App. 171; *Conrad v. Fisher,* 37 Mo. App. *loc. cit.* 412; *Aubuchon v. Bender*, 44 Mo. 560; *Halsa v. Halsa*, 8 Mo. 303; *Chouteau v. Burlando*, 20 Mo. 482; *Paul v. Fulton*, 25 Mo. 156; *Digby v. Jones*, 67 Mo. 104; *Bishop v. Schneider*, 46 Mo. 482; *Rice v. Bunce*, 49 Mo. 231; *Fox v. Hall*, 74 Mo. 315. (5) One is charged with notice of equities when taking a note before maturity as security for a preexisting debt; and is also charged with equities who takes a note after maturity as security for a debt then contracted. *Slink v. Thomas*, 121 Ind. 147; *Wells v. Jones*, 41 Mo. App. 1; Beach's Modern Eq. Jur., sec. 355; *Turner v. Hoyle*, 95 Mo. 337; *Owens v. Evans*, 134 N. Y. 514; *Shaeffer v. Rulett*, 50 N. Y. 61; *Green v. Warner*, 64 N. Y. 220; *Napa Valley Wine Co. v. Rinehart*, 42 Mo. App. 171; *Conrad v. Fisher*, 37 Mo. App. *loc. cit.* 412; *Bank v. Frame*, 112 Mo. 502; *Bank v. Bates*, 120 U. S. 567.

*S. P. Forsee* and *Kagy & Bremermann* for respondents.

(1) The petition does not state a cause of action. (2) There was no mutuality of contract. Forsee could not have enforced the alleged contract against Hicks or Hoos. *Martin v. Halley*, 61 Mo. 196; Bishop on Contracts, sec. 78. (3) Equity will not relieve against one's own negligence. Plaintiffs purchased with record notice of the priority of the Forsee lien, and are bound by what the record showed. *Orrick v. Durham*, 79 Mo. 174; *Mason v. Black*, 87 Mo. 341; *Hagerman v. S ~~m~~, 91 Mo. 532. (4) So far as they are concerned "it is

not a question of innocent purchaser of commercial paper, but as to the priority of securities." *Orrick v. Dunham, supra; Turk v. Funk,* 68 Mo. 18; *Morris v. Pate,* 31 Mo. 315; *Tucker v. Rogers,* 94 Mo. 346. (5) The alleged contract is within the statute of frauds and void. *Wendover v. Baker,* 121 Mo. 290; *Bogy v. Shoab,* 13 Mo. 379; *Page v. Gardner,* 20 Mo. 511; *Turk v. Funk,* 68 Mo. 18; *Wright v. Bircher,* 72 Mo. 186; *France v. Thomas,* 86 Mo. 84. (6) Mrs. Forsee is protected as an innocent purchaser. Daniel on Neg. Inst., secs. 7451, 7487; *McGee v. Riddlesbarger,* 39 Mo. 365. (7) The uncontradicted evidence shows that she paid value for the notes, whether taken at one time or another. If she took them before maturity, she is entitled to all the advantages these facts conferred upon her. Daniel on Neg. Inst., secs. 832, 824, 1264; *Deere v. Marsden,* 88 Mo. 512; *Hagerman v. Sutton,* 91 Mo. 520. (8) The transferee of negotiable paper after maturity takes the paper "subject only to its existing equities," and free from any collateral defenses. The text writers say that this is the settled law of England and America, "and has been uniformly followed, and has been held to apply even though the indorsee had notice, gave no consideration, and took the paper on purpose to defeat the set-off." The doctrine recited in this subpoint is abundantly sustained by Daniel on Neg. Inst., secs. 724, 725; Randolph's Com. Pap., secs. 674, 675, 678; Byles on Bills, sec. 286; Jones on Mort., sec. 841; *Kellogg v. Schnaake,* 56 Mo. 136; *Davis v. Carson,* 69 Mo. 609.

BURGESS, J.—Action by plaintiffs for the removal of a cloud on their title to the south half of lot number 71, Carlton Place, Kansas City, Missouri. The suit was brought in the circuit court of Jackson county, but the venue was subsequently changed to the circuit

court of Johnson county, where a trial was had, resulting in a judgment for defendants, from which plaintiffs appealed.

The petition is in two counts.

The first count, leaving off the formal parts, is as follows: "(1) That Louis Loewen is husband of plaintiff, Julia Loewen. (2) That Morris Loewen is husband of Ida Loewen. (3) That, prior to June, 1888, defendant W. C. Forsee was the owner in fee simple of lot number 71, in Carlton Place, an addition to the city of Kansas, now Kansas City, Jackson county, Missouri. (4) That said defendant, W. C. Forsee, and wife, by warranty deed dated June 14, 1888, recorded July 9, 1888, sold and transferred said property, lot number 71, Carlton Place, to one J. J. Hoos. (5) That afterward said John J. Hoos and wife executed two deeds of trust to Samuel Foster for Charles R. Hicks. Said deeds of trust were dated June 15, 1888, acknowledged June 18, 1888, and filed for record July 9, 1888. One of said deeds of trust covers the north half of said lot 71, and the other the south half of said lot 71, each given to secure a loan of $1,500. (6) That afterward the said J. J. Hoos and wife made and executed a deed of trust to S. S. Forsee, trustee for W. C. Forsee. Said deed of trust is dated June 22, 1888, acknowledged July 6, 1888, and filed for record July 7, 1888. (7) That thereafter, on August 13, 1891, the debts described in each of the deeds of trust executed and given by said J. J. Hoos and wife to Samuel Foster, trustee for Charles R. Hicks, coming due, and default being made in the payment of the same, said deeds of trust were foreclosed, according to the terms and conditions mentioned in the same, and at the foreclosure sale of said property above described, by said trustee, Samuel Foster, the same was purchased by plaintiffs, Julia and

Ida Loewen, who paid full value for the same; and said north half and said south half of said lot number 71, Carlton Place, were transferred to said plaintiffs, Julia and Ida Loewen, by said trustee, Samuel Foster, by two trustee deeds, both dated August 13, 1891, and recorded August 20, 1891. (8) Plaintiffs further state that, at the time the trust deeds were made and executed by said J. J. Hoos and wife to Charles R. Hicks and to W. C. Forsee, beneficiaries, it was orally agreed, by and between said Hoos, said Hicks, and said W. C. Forsee, that the deeds of trust made to Samuel Foster, trustee for Charles R. Hicks, were to be a first lien on said lot 71, Carlton Place, and it was mutually agreed by all of said parties that the deeds of trust made by said J. J. Hoos to S. S. Forsee, trustee for W. C. Forsee, were to be a second lien on said lot 71, Carlton Place, subject to the two deeds of trust made to Samuel Foster, trustee for Charles R. Hicks.

"Plaintiffs further state that said loans and deeds of trust were all made about the same time, with the understanding and agreement that said trust deeds made to said Charles R. Hicks were to be first liens on said lot described herein, and were to be filed on record first, said trust deeds being given to secure loans made to said Hoos to erect buildings on said lots, which buildings were erected on the same with said loans; and it was also mutually agreed by all parties thereto, in consideration of said Hicks agreeing to and making said loan, that said trust deed to S. S. Forsee, trustee for W. C. Forsee, was to be filed in recorder of deeds' office in Jackson county, Missouri, after the filing of said Hicks's trust deeds, and that it should be a lien on said lot, subject to the liens of the Hicks trustee deeds.

"And the plaintiffs further state that the defendant W. C. Forsee, contrary to the express agreement

mentioned herein, made with said Hicks and said Hoos, wrongfully and fraudulently, and without the knowledge or consent or acquiescence of the said Samuel Foster or Charles R. Hicks, placed the trust deed executed to him on the records of Jackson county, Missouri, on July 7, 1888, which was on Saturday; the said trust deeds to Samuel Foster, trustee for Charles R. Hicks, not being recorded until July 9, 1888, which was on the following Monday.

"Plaintiffs further state that said trust deed, appearing as filed of record prior to the time of the trust deeds made to Charles R. Hicks, is a cloud on their title to the south half of said lot number 71, Carlton Place; that they are now in the possession of said south half of said lot; that said S. P. Forsee and M. T. Forsee are now claiming an interest and title to said lot through and under said deed of trust, with full notice of the agreement aforesaid, and of the fact that said deed of trust was only a second lien on said land.

"Wherefore plaintiffs pray for a removal of said cloud from their title to said south half of said lot; that said trust deed, so executed to said S. S. Forsee, trustee for W. C. Forsee, be declared subject to the trust deed executed to Samuel Foster, trustee for Charles R. Hicks; and for such other and further relief as plaintiffs may be entitled to in equity under the premises."

The second count is in all respects like the first, except that it is in respect to the north half of the lot, and alleges that defendants are in its possession.

The answers are general denials.

The evidence discloses the following facts:

On June 22, 1888, the defendant W. C. Forsee owned all of lot 71, Carlton Place, Kansas City, Missouri, which he sold on that day to one J. J. Hoos at $60 per foot, one third cash, balance in one and two years from that date, for which Hoos executed to said

Forsee four negotiable promissory notes for $500 each, and to secure their payment he executed to Forsee, on July 6, 1888, a deed of trust on said lot, his wife joining therein with him. A verbal agreement was then entered into, between Hoos and W. C. Forsee, by which Hoos was to borrow $3,000, to be applied to the building of two seven or eight room houses, one on the north half and the other on the south half of said lot, to cost $1,500 each; and, to enable him to borrow the money for that purpose, it was agreed between them that two mortgages should be given on each half of said lot to secure the payment of $1,500, one on the north half and the other on the south half, which were to be first liens on the property. Hoos secured the desired loan from one Charles R. Hicks, and executed to Samuel Foster, as trustee, two deeds of trust, according to the arrangement with Forsee, to secure its payment, one on the north half and the other on the south half of the lot. $675 of the money borrowed by Hoos, to be used in the erection of the buildings, was paid to W. C. Forsee as part of the purchase money for the property, he knowing the purpose for which it was procured. The Hicks deeds of trust were filed for record in the recorder's office of Jackson county on the ninth day of July, 1888. Forsee's deed of trust was recorded July 7, 1888, two days before the Hicks deeds of trust were recorded.

On August 13, 1891, the debts described in the deeds of trust executed by said J. J. Hoos and wife to Samuel Foster, trustee for Charles R. Hicks, coming due, and default being made in the payment of the same, they were foreclosed, according to their terms and conditions, and at the foreclosure sale of said property by said trustee, Samuel Foster, the same was purchased by plaintiffs, Julia and Ida Loewen, who paid full value for the same, and said north half and said

south half of said lot number 71, Carlton Place, were transferred to the said plaintiffs, Julia and Ida Loewen, by said trustee, Samuel Foster, by two trustee's deeds both dated August 13, 1891, and recorded August 20, 1891.

The evidence was somewhat conflicting as to the terms of the agreement between W. C. Forsee, Hoos and Hicks, with respect to the terms and conditions, if any, by which Hicks's deeds of trust were to be first liens on the property—plaintiffs contending that there were none, while defendants contend that the condition was that Hoos was to keep the property entirely free from mechanics' liens, and that he did not do so. But the decided weight of the evidence showed that there were no conditions, and that the agreement was solely for the purpose of enabling Hoos to borrow money on the lots with which to construct the buildings.

Plaintiffs were, at the commencement of this action, in the possession of said south half of said lot, and defendants were in the possession of the north half.

The deed of trust, made by said Hoos to said Forsee, was made to secure four negotiable promissory notes, each for the sum of $500. The first of said notes falling due was transferred by indorsement for value, before maturity, to said M. T. Forsee, to secure an antecedent debt, and the other three were transferred to said M. T. Forsee, after due, for value, to secure debts contracted at the time, and upon the faith thereof. Said M. T. Forsee had no notice or knowledge of said agreement as to the priority of the liens of said deeds of trust.

Afterwards at a sale made under the deed of trust last named, according to the terms thereof, the said M. T. Forsee became the purchaser of the whole of

said lot 71, and received a deed from the trustee therefor.

Waiving all objections as to the sufficiency of the petition, we dispose of the case according to the facts and circumstances in proof.

Both parties requested the court to make a special finding of facts in writing, separate from the judgment, in accordance with section 2135, Revised Statutes, 1889, which is as follows:    "Upon the trial of a question of fact by the court, it shall not be necessary for the court to state its finding, except generally, unless one of the parties thereto request it with the view of excepting to the decision of the court upon the questions of law or equity arising in the case, in which case the court shall state in writing the conclusions of facts found separately from the conclusions of law."

The record discloses that the judgment was rendered December 18, 1893, and that, while the court made a special finding of facts, as requested by the parties, it was not filed until the nineteenth of February, 1894, but was then by an entry of record ordered to be filed as of December 18, 1893.

Defendants insist that, as the finding of facts was made at the request of the parties, any objection thereto was matter of exception, and, as no exception was taken to it by plaintiffs, it is conclusive upon them.

This contention would doubtless be correct if the finding of facts had been filed before or at the rendition of the judgment; but it is inconceivable how plaintiffs could have been expected to except to the finding when it was not filed before or at the time of the rendition of the judgment, nor even within the time that they were required by statute to file their motion for a new trial.   They had no means of knowing what the finding would be, and were not required to anticipate

that anything set forth in it would be contrary to what they understood to be shown by the evidence.

It was held by this court in *Hamilton v. Armstrong*, 120 Mo. 597, that a finding of facts after judgment has been rendered does not constitute a part of the record, and will not be reviewed on appeal. A similar ruling was made by the supreme court of Iowa, under a similar statute, in *Hodges v. Goetzman*, 76 Iowa, 476.

There was no such finding of facts in this case as contemplated by statute, or as can be considered by this court, other than such as may be incident to the result of the judgment. No point is made by plaintiffs on the failure of the court to make a finding of facts in writing before or at the time of the rendition of its judgment, nor was any exception taken for that reason.

The evidence clearly showed that, by verbal agreement between Hicks, Forsee, and Hoos, Hicks's two deeds of trust were to be first liens on the lot. This is not only shown by the evidence, but comports with the methods usually adopted by men of ordinary prudence and business capacity. It was absolutely necessary for Hoos to borrow money to enable him to construct buildings on the lot according to his agreement with Forsee, and it is hardly to be presumed that he could have done so with a first mortgage lien in existence on the lot to secure the payment of the purchase money. No one would have loaned him the necessary amount for that purpose under such conditions. Therefore, in order that he might effect the loan, and pay Forsee from it $675 on the purchase price, Forsee agreed that Hicks's trust deeds should be first liens on the lot. There were no conditions to this agreement, as the facts and circumstances in evidence plainly show.

But it is contended that the contract by which the deeds of trust for the benefit of Hicks were to have

priority over the mortgage in favor of Forsee, not being in writing, is within the statute of frauds, and void.

It was held in *Linville v. Savage*, 58 Mo. 248, under like circumstances, that parol proof "is not obnoxious to the imputation of seeking by parol to modify or change the construction of a written instrument; but to show that one of two instruments was understood by both parties to them to have a priority over the other," and, if it were not so, it was either a mistake or a fraud, and parol evidence was admissible to show either. So, in *Rigler v. Light*, 90 Pa. St. 235, in which it was agreed between the parties thereto that one of two mortgages executed at the same time should be the prior lien, it was held that the agreement would be enforced as between the parties, although the mortgage postponed was first recorded. In *Maze v. Burke*, 12 Phila. 335, it is held that such an agreement may be proved by parol. See, also, *Freeman v. Schroeder*, 43 Barb. 618; 1 Jones, Mortg. [4 Ed.], sec. 608.

The loan of the money to Hoos by Hicks, under the agreement with Forsee, by which his (Forsee's) deed of trust should be secured second in order, as a lien, to the deeds of trust for the benefit of Hicks, was a sufficient consideration for the agreement. It therefore necessarily follows that, if Mrs. Forsee had notice of this agreement at the time she became the owner of the notes, even though for a valuable consideration, and before their maturity, her rights must be postponed to those of plaintiffs, because of their superior equity, and because it would be a fraud upon them, holding, as they do, under the Hicks deeds of trust, to permit her, under such circumstances, to assert that the deed of trust to or for the benefit of her husband, under which she claims title, was the prior lien on the

lot, and that the sale thereunder and purchase by her passed to her the legal title.

It is not claimed that the notes are without consideration, or that there existed at any time any legal defense thereto, but it is insisted that she was not an innocent purchaser of the notes, and that she holds them subject to any agreement between her husband, W. C. Forsee, Hoos, and Hicks, by which the deed of trust given to secure them was to be postponed to the deeds of trust for the benefit of Hicks.

At the time the first note was transferred to Mrs. Forsee by her husband, W. C. Forsee, it was not then due; nor did it become due for six months thereafter. The weight of the evidence showed that at the time of the transfer her husband was indebted to her in the sum of $500 on account of moneys belonging to her, which she received from her father's estate and which her husband made use of, and that he transferred the note to her to secure the payment of that indebtedness, and not in satisfaction of it. There was no express agreement between Mrs. Forsee and her husband as to the time when the original debt should be paid, either before or at the time of the transfer of the collateral to her.

Under such circumstances there is some confusion among the decisions of the supreme court as to whether or not she was a holder for value of the collateral, and took it free from all defenses against it of which she had no notice, or whether she took it subject to all equities existing between the original parties thereto.

In *Goodman v. Simonds*, 19 Mo. 107, it was held that, where a negotiable note is transferred merely as collateral security for a preexisting debt, and no new consideration is given for it, the assignee takes it subject to all equities existing between the parties to it. The rule announced in that case was recognized in *Logan v. Smith*, 62 Mo. 455; *Davis v. Carson*, 69 Mo.

609; *Skilling v. Bollman*, 73 Mo. 665; again in *Deere v. Marsden*, 88 Mo. 512, and still later in *Crawford v. Spencer*, 92 Mo. 498. It was recognized by the courts of appeals in *Terry v. Hickman*, 1 Mo. App. 119; *Brainard v. Reavis*, 2 Mo. App. 490; *Hodges v. Black*, 8 Mo. App. 394; *Feder v. Abrahams*, 28 Mo. App. 454; *Conrad v. Fisher*, 37 Mo. App. 352; *Wells v. Jones*, 41 Mo. App. 1; and in *Napa Valley Wine Co. v. Rinehart*, 42 Mo. App. 171.

A contrary rule was announced in *Grant v. Kidwell*, 30 Mo. 455, in which it was held that the indorsee of a negotiable promissory note, assigned before maturity as collateral security against an antecedent liability, takes it discharged of prior equities. While no reference is made in this case to *Goodman v. Simonds*, *supra*, it is in direct conflict with the ruling in that case.

In *Boatman's Sav. Inst. v. Holland*, 38 Mo. 49, it is said: "A preexisting debt, or an antecedent liability, incurred by an indorsee of a negotiable promissory note assigned before maturity, is a sufficient consideration to support the title of such indorsee."

There are, however, many late authorities which hold, that the transfer before maturity ·by indorsement in writing, as in this case, of a negotiable note as security for an antecedent debt merely, without more, makes the indorsee a *bona fide* holder unaffected by equities between the original parties of which he had no notice. *Railroad v. Bank*, 102 U. S. 14; *Maitland v. Bank*, 40 Md. 540; *Giovanovich v. Bank*, 26 La. Ann. 15; *Harrison v. Pike*, 48 Miss. 46; *Mix v. Bank*, 91 Ill. 20. Indeed such seems to be in accord with the decided weight of authority.

But the greater number of decisions of the appellate courts of this state, as well, also, as the more recent decisions, are in accord with the rule announced

in the *Goodman* case, and that enunciation must be regarded as the settled law of this state.

As has been said there was no express agreement on the part of Mrs. Forsee to forbear suit until the collateral matured, and in such circumstances it was said: "As to a preexisting debt, if there is an express agreement on the part of the creditor to forbear suit until the collateral shall mature, the agreement to delay constitutes the transferee a holder for value. * * * The extension of time for the payment of the past indebtedness, if for a day only, constitutes a new and sufficient consideration." *Deere v. Marsden*, 88 Mo. 512; see 1 Daniel, Neg. Inst. [4 Ed.], 829*a; Oates v. Bank*, 100 U. S. 247; *Smith v. Worman*, 19 Ohio St. 148.

Had the note been taken by Mrs. Forsee in satisfaction of the indebtedness of her husband to her, and without notice of the existence of the agreement between her husband and Hicks by which the latter's deed of trust was to have preference over that of her husband, the note would not be subject in her hands to any equitable defenses existing between the original parties thereto. In *Fitzgerald v. Barker*, 96 Mo. 661, it was held that the transferee of a negotiable note, who accepts the same before maturity in satisfaction of a preexisting debt, will be regarded as an innocent purchaser for value. But in the absence of an agreement between Mrs. Forsee and her husband by which the note was to be taken in satisfaction of her husband's then indebtedness to her, or for an extension of time for the payment of the original indebtedness to her, in consideration of the assignment of the note, it follows that she took the note first transferred to her subject to all equities which existed between the original parties thereto with respect to the note.

When the other note was assigned to Mrs. Forsee it was more than twelve months overdue, and, even

though she paid a valuable consideration for it at the time of its assignment to her, she took it subject to all equities existing between the original parties thereto.

The deed of trust, given by Hoos on the lot, securing the payment of these notes, passed to Mrs. Forsee as incident to them, and, while she testified that she knew nothing about the arrangement between her husband, Hoos, and Hicks, by which the deed of trust securing the payment of the notes held by her were to be postponed to the deeds of trust under which plaintiffs claim title, the law charges her with all equities existing between the original parties to the notes, because in the one instance she took the note as collateral security for an antecedent debt, and in the other after it became due. The judgment is reversed and the cause remanded. GANTT, P. J., and SHERWOOD, J., concur.