## LLOYD BURRESS, Appellant, v. A. C. SPRING, Respondent.

Springfield Court of Appeals, May 2, 1910.

1. **TAXBILLS: Municipal Corporations: Public Improvements: Failure of Contractor to Use Material Required by Ordinance.** In a suit on special taxbills issued to the contractor for the pavement of a street in a city of the third class, one of the defenses alleged was that in constructing the pavement the contractor did not comply with the provisions of the ordinance specifying the quantity and quality of the material to be used, but instead used a cheaper material. This contention was sustained by the trial court in a special finding of facts, and the court further found that the pavement was rendered substan tially defective and inferior because of the substitution of the cheaper material. Plaintiff was denied a recovery on the taxbills. *Held*, that the finding of the court was supported by the evidence, and that the judgment against the validity of the taxbills was proper.

2. **APPELLATE PRACTICE: Finding of Facts: Exceptions.** Where there is a finding of facts in a case at law, and no exceptions taken thereto, the appellate court will accept the facts as found by the trial court and apply the law thereto.

3. ———: ———: **Bill of Exceptions.** The correctness of the finding of facts by the trial court may be assailed in the appellate court on the ground that the same is without evidence to support it, if the evidence is preserved by the bill of exceptions.

4. ———: ———: **Same as Special Verdict.** The finding of facts by the trial court in a law case must be treated the same as a special verdict of a jury, and cannot be set aside upon appeal if there is any substantial evidence in the record upon which it can be fairly based.

5. **JUDGMENT: Finding of Facts.** The record in this case examined and held to show that the finding of facts was filed within the time required by the statute.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*C. V. Buckley* and *Haywood Scott* for appellant.

(1) The special finding of facts made by the court is not conclusive where the record does not contain evidence sufficient to support such findings. De Soto v. Insurance Co., 102 Mo. App. 1; Freeman v. Hemingway, 75 Mo. App. 617; Nichols v. Carter, 49 Mo. App. 401; Kansas City Gro. Co. v. McDonald, 118 Mo. App. 471; Fitzpatrick v. Weber, 168 Mo. 572. (2) The finding of facts must conform to the pleadings, issues and proof. New England Trust Co. v. Browne, 157 Mo. 116; Lewis v. Muse, 130 Mo. App. 194; Sutter v. Roder, 149 Mo. 307; Insurance Co. v. Tribble, 86 Mo. App. 557. (3) Where it appears that there has been a fair compliance with all the conditions, the contractor is entitled to recover. Cole v. Skrainka, 105 Mo. 303; Steffen v. Fox, 124 Mo. 630; Porter v. Paving Co., 214 Mo. 20; Watson v. Philadelphia, 93 Pa. 111; Baltimore v. Raymo, 68 Md. 569, 13 Atl. 383; Middlesborough T. & L. Co. v. Knoll, 21 Ky. L. Rep. 1399, 55 S. W. 205; Allen Co. v. Silvers, 22 Ind. 491; Rossiter v. Lake Forest, 151 Ill. 489, 38 N. E. 359; St. Joseph v. Dillon, 61 Mo. App. 317; People ex rel. v. Church, 197 Ill. 302; 61 N. E. 496; St. Joseph v. Anthony, 30 Mo. 537.

*Spencer, Grayston & Spencer* for respondent.

(1) The only question before this court is whether or not the facts, as found, support the judgment of the trial court. Snuffer v. Karr, 197 Mo. 188; Freeman v. Hemenway, 75 Mo. App. 621; Loewen v. Forsee, 137 Mo. 38; Gilmore v. Harp, 92 Mo. App. 80; Blount v. Spratt, 113 Mo. 54; Hill v. Combs, 92 Mo. App. 251; Brewing Assn. v. Drulinger, 62 Mo. App. 490; 8 Am. and Eng. Ency. Pl. and Pr., 273. (2) A failure to perform a contract for street improvements which are to be paid for in assessments against the abutting property, in substantial compliance with the terms of the contract specifications, renders the special taxbills void. Boonville ex rel. v. Stephens, 95 S. W. 314; Kansas City v. Askew, 105 Mo. App. 84; Coulter v. Construction Co., 131 Mo. App. 234.

GRAY, J.—This is an action on two special taxbills, issued to the plaintiff on March 13, 1908, by the city of Joplin, a city of the third class, for paving Wall street in said city, from Third to Sixth streets.

The appellant was the contractor and is the owner of the taxbills, and the respondent is the owner of lots abutting upon the part of the street paved. The petition is in the usual form, and a prima-facie case for appellant was made. The issues were upon the answer, alleging defects in the proceedings prior to the execution of the contract for the improvement, and a failure to substantially comply with the contract.

The case was tried before the court without a jury, resulting in a judgment for the defendant. At the request of the plaintiff, the court made a special finding of the facts, and the same was filed at the time judgment was rendered.

The motion for new trial contains no reference to any error of the court in its finding of facts. The rule is, where there is a finding of facts in a case at law and

no exceptions taken thereto, the appellate court will accept the facts as found by the trial court and apply the law thereto. [Snuffer v. Karr, 197 Mo. l. c. 188, 94 S. W. 983.]

The appellant insists that the record shows that the finding of facts in this case was filed after the judgment was rendered, and under the ruling in Loewen v. Forsee, 137 Mo. 29, 38 S. W. 712, do not constitute a part of the record. We do not believe the whole record sustains appellant's contention. In the abstract of the record will be found the following:

"August 21st, 1909, trial was had by the court, a jury being waived, which resulted in a finding and verdict and judgment in favor of the defendant, as shown by certified copy of judgment on file herein in this court.

"August 21, 1909, a special finding of the facts was filed by the court and made a part of the record herein, as follows:"

In the bill of exceptions and immediately following the finding of facts, the following appears:

"And afterwards, during said term of court, on the 21st day of August, 1909, the court found the issues in favor of defendant, and the following judgment was entered in this cause, to which entry of judgment the plaintiff at the time duly excepted and still excepts."

We think the record, when all of it has been examined, shows that the finding of facts was filed within the time required by the statute.

The correctness of the finding of facts by the trial court may be assailed in the appellate court on the ground that the same is without evidence to support it, if the evidence is preserved by bill of exceptions. [Freeman v. Hemenway, 75 Mo. App. 617.]

The plaintiff failed to save any exceptions to the finding of facts of the court at the time the same was filed, or in his motion for new trial, and hence, we would be justified in not looking into the evidence to ascertain whether the finding of facts has for its support the

weight of the evidence. But the finding of facts and conclusions of law, as shown by the instructions asked and refused, are a part of the record proper in this case, as they have been properly preserved in the bill of exceptions, and we should examine into them to see if the findings support the conclusion. [Nichols v. Carter, 49 Mo. App. 401.]

The defense alleged eight separate objections and defenses to the taxbills. The trial court made a separate finding of facts on each objection, and found five of them in favor of the plaintiff, and three for the defendant. If the judgment of the court is supported by its finding of facts and conclusions of law on any of the objections, then the others become immaterial.

At the time the contract was entered into, there was a general ordinance in force in the city of Joplin, and it provided for a concrete foundation for pavement, six inches thick, upon the sub-grade, and this foundation to be composed of one part of fresh, fine hydraulic cement; two parts of clean, coarse, sharp river sand, and five parts of broken flint stone; the proportions to be determined by actual measurement.

The court found that the contractor did not use more than one-half as much river sand as the specifications required, and did not substantially comply with his contract in the construction of the foundation for the pavement, and the foundation, as constructed, was rendered defective and inferior to a substantial extent by such failure. There was but little evidence that the foundation was made of the materials and in the proportions specified in the ordinance. Some of the witnesses for plaintiff testified that they used five parts of mining gravel, one part river sand, and one part cement, and others testified that they used twelve and one-half per cent river sand. There was testimony tending to prove that in some parts of the work no river sand was used. It is claimed by the defendant a certain amount of mining or jig sand was used to take the place of the

river sand called for in the specifications. In mining for lead and zinc, the material is taken from the earth and ground and the ore separated. In going through the separating process, some of the material is ground into gravel and some finer into sand. The evidence shows that the cost of river sand is about double that of the jig or sand from the tailings.

The plaintiff offered testimony to show that the failure to use the quantity of river sand called for in the ordinance or specifications, was immaterial, and that all was used that was necessary, as the voids in the macadam were filled substantially, as required by the contract. The ordinance required that five parts of this foundation should be made of broken stone not larger than two inches in diameter. In putting in the stone or gravel, the same would not be solid, and the sand was used for the purpose of filling the spaces or voids between the stones. The defendant maintains that the stone used contained a considerable portion of the mining or jig sand, and that just to the extent this mining sand was used the voids were filled with that material which, according to the ordinance, should have been filled with the river sand.

The court found, as above stated, that the contractor did not use only about one-half the river sand called for in the ordinance, and that the foundation, as constructed, was rendered defective and inferior to a substantial extent by such failure. There was some testimony tending to show that the foundation was soft, and that the pavement had settled in spots, and was not a first-class job of work. The court found that this was due to the failure of the contractor to construct his foundation in the manner required by the ordinance, and these findings of the facts must be given the effect of special verdicts by a jury, and cannot be set aside upon appeal if there is anything in the record upon which they can fairly be based. We have examined the testimony of the witnesses upon this point, and

reached the conclusion that there is not only testimony on which the finding of the trial court may be supported, but that when taken as a whole, it may be said that the court's findings are supported by the fair preponderance of the evidence.

The importance of having these public improvements made in accordance with the plans and specifications, is apparent. Taxes are a burden under any circumstances and, many times, the cost of the special improvement is a large per cent of the value of the property, and ofttimes, results in the sacrifice of the homes of citizens who are constantly worried with the problem of being able to meet their demands. On the other hand, it is proper that streets be improved, and sidewalks constructed, and the only way the same can be done under the present law, is by special taxation.

If a contractor can bid upon one class of material and use another, the gates are open for the perpetration of great wrongs. When the work is advertised, different contractors may bid. One with the understanding that he will be required to comply strictly with the terms of the ordinance regarding the material; another may understand that the cheaper materials may be substituted for the ones called for, and bids accordingly. It may be, when the difference in the costs of the materials are considered, that the first contractor's bid is really the lower one, although the amount of the latter's bid may be several dollars less. It is not a hardship to require the contractor to substantially perform his contract. He is supposed to be familiar with the provisions of the ordinance regarding the materials and specifications, and he is bound to know that it is quite often these improvements are made over the protests of the persons who will be called upon to pay for them, and when he deviates from the terms of his contract and substitutes materials for those required, he must know that he is in danger of losing the pay for his material furnished, and labor performed upon the work.

Burress v. Spring.

It is said the results reached by the contractor in this case, were just as good as if he had complied with the terms of his contract. If the cheaper material is just as good as the more expensive one, then it is a fraud on the property-owner to require the more expensive to be used in the construction of the work, and still a greater fraud upon him to require, by contract, the more expensive to be furnished and paid for by him, and then use the cheaper in the performance of the work.

Sometimes the contractor in such character of work is entitled to sympathy. It may be that he has honestly and in good faith complied with all the provisions of his contract, and the taxpayers' property has received the full benefits for which the special assessment has been made, and yet, owing to some omission of the municipal authorities to comply with the law in making the contract, he is unable to get pay for his labor. This however, is not that character of a case. The finding of the trial court against the contractor in this case is based upon the evidence that the contractor voluntarily and with full knowledge of all the facts, substituted a cheaper material by one-half, than the one called for in his contract. In this case, he loses his right to recover for his material and labor, for his own wrong, and the courts cannot too strongly emphasize the rule that the contractor must substantially comply with his contract in the use of the materials named therein.

There are other points raised against the legality of the taxbills, but owing to what we have said, it will not be necessary to determine the same. We are satisfied with the judgment of the trial court and it will be affirmed. All concur.