## MINERS BANK, Respondent, v. LLOYD BURRESS, Appellant.

Springfield Court of Appeals, June 3, 1912.

1. SPECIAL TAXBILLS: Assignment of Invalid Taxbills: Implied Warranty: Recovery of Purchase Money by Assignee. The defendant, a contractor, had constructed certain street pavement and received in payment therefor taxbills, which he had assigned to the plaintiff for a valuable consideration. It appeared that the defendant had personally superintended the street paving work but had failed to comply with his contract in regard to the quantity and quality of the material to be used in the pavement construction, and by reason of such failure the taxbills were declared void. *Held*, that the plaintiff as an innocent purchaser of the taxbills could recover from the defendant the consideration price paid for such bills, on the implied warranty of their validity, and because of the entire failure of consideration for which plaintiff's money was paid.

2. ———: ———: ———: ———. When an innocent purchaser of a taxbill and the lien thereof, does not get the lien because it did not exist at the time of its assignment, and was

rendered invalid by the wrong of the vendor, he can recover the consideration from the vendor, there being an implied warranty that the thing sold was valid and existing.

3. ———: ———: Recovering Purchase Money: Fraud: Knowledge of Assignor. Where special taxbills issued for paving work, had been assigned by the contractor to the plaintiff, and subsequently the taxbills were declared invalid, *held*, in an action to recover back the purchase price paid the contractor, that it was not necessary for plaintiff to show scienter or knowledge that the defendant knew of the invalidity of the taxbills at the time of his assignment of them to plaintiff.

4. VENDOR AND PURCHASER: Assignment of Claim: Implied Warranty: Recovery of Purchase Money by Assignee. As a general rule the assignor of a claim impliedly warrants that it is valid and that the debtor or obligor is liable to pay it and if in fact the claim is invalid, the assignor is liable to the assignee for the amount paid for the assignment.

5. ———: Sale of Chattel: Failure of Consideration: Recovery Back of Purchase Money. Purchase money paid by a buyer for a chattel may generally be recovered back if there is a total failure of consideration by reason of the goods purchased being wholly worthless.

6. ———: ———: ———: ———: Knowledge of Vendor. The general principle is well settled that when the consideration totally fails where nothing passes by the attempted transfer or conveyance, the amount paid may be recovered back and the application of the principle does not depend upon the question whether the failure arose from ignorance of the law or of fact.

Appeal from Jasper Circuit Court.—*Hon. Joseph D. Perkins*, Judge.

Affirmed.

*Clyde Compton* and *C. V. Buckley* for appellant.

(1) There is no implied warranty in a sale of a note or chattel except the (a) vendor owns it, (b) the note is not a forgery, (c) when sold by sample that the bulk will equal the sample. In the sale of a machine for particular use or purpose that it is suited to

the purpose for which sold. Otherwise *caveat emptor* is the rule. Norris v. Reinstedler, 90 Mo. App. 629; Lindsey v. Davis, 30 Mo. 406; Machinery Co. v. Foundry Co., 131 Mo. App. 540; 10 Am. and Eng. Ency. Law, sec. 28, p. 127; Otis v. Cullum, 92 U. S. 447; Meyer v. Richards, 163 U. S. 385; Mechem on Sales, sec. 1332; 1 Beach on Mod. Contr., sec. 288; Barnard v. Kellog, 10 Wall. 382; Bridge Co. v. Hamilton, 110 U. S. 112; Matlock v. Meyers, 64 Mo. 531; McCurdy v. McFarland, 10 Mo. 377; Anthony v. Potts, 63 Mo. App. 517; Bulwinkle v. Cramer, 27 S. C. 376; Carson v. Bailey, 19 Pa. 375, 57 Am. Dec. 659; Lord v. Growr, 39 Pa. 88, 80 Am. Dec. 509; Hoffman v. Oats, 77 Ga. 701; Goldrich v. Ryan, 3 Smith, 324; Glass Co. v. Gunter, 31 Fed. 208; Lukens v. Friund, 27 Kas. 664; Ryan v. Ulmer, 108 Pa. 332; Gallagher v. Waring, 9 Wend. 20; Dickinson v. Jordan, 33 N. C. 166.    (2) Where one receives bonds in pledge for a loan, in pursuance of a sale thereof by the owner delivered them to the purchaser, collected the purchase money, deducted the amount of its loan and turned the balance over to the borrower, held the purchaser could not recover, even though the bonds were forgeries. Baker v. Anot, 67 N. Y. 448; Orleans v. Platt, 99 U. S. 676; Insurance Co. v. Middleport, 124 U. S. 534; Ripley v. Case, 86 Mich. 261.    (3) A mere contract of sale or agreement to sell a chattel does not imply a warranty. Harly v. Iron Works, 66 Cal. 238; Elston v. Friedman, 57 Minn. 70, 58 N. W. 830; McClurg v. Kelley, 21 Iowa 508; Dean v. Mason, 10 Am. Dec. 162; Reynolds v. Palmer, 21 Fed. 433; Davis v. Murphy, 14 Ind. 158; Court v. Snyder, 28 N. E. (Ind.) 718; Baird v. Matthews, 36 Ky. 129; Scott v. Renick, 40 Ky. 63. (4) If there is a defect in the thing sold that the buyer wants to provide against he must take a warranty. Otherwise he takes the risk of defects hidden or open, known or unknown to the seller. Lindsey v. Davis, 30 Mo. 406; McClurdy v. McFarland, 10 Mo.

239; Bank v. Hutton, 224 Mo. 42; N. W. v. Niles, 90 Wis. 590; Goulds v. Brophy, 42 Minn. 109; Milwaukee B. Co. v. Duncan, 87 Wis. 120; Seitz v. Ref. Co., 141 U. S. 510; Machinery Co. v. Foundry Co., 131 Mo. App. 548. (5) Instruction No. 4 is wrong. It makes the knowledge of defendant's employee, his foreman on the work, sufficient. As we have seen the knowledge that makes the seller responsible to the buyer for the return of the purchase money, the usury cases, even where that permits a recovery, must be personal knowledge of the seller. Littaner v. Goldman, 72 N. Y. 506, 28 Am. Rep. 171.

*Haywood, Scott & Thomas Dolan* for respondent.

(1) Where a contractor for certain street paving receives in payment therefor taxbills which purport to be liens against certain real estate described and he sells and assigns the taxbills and the lien thereof to an innocent purchaser at the market price and it is afterwards discovered that the taxbills are void and are not liens against the real estate because the contractor had failed to substantially comply with his contract for the street paving, the purchaser, having had no knowledge of such failure of the contractor at the time of the purchase, can recover the consideration paid for the taxbills, there being an implied warranty that the taxbill was what it purports to be, a lien against the real estate it describes. Meyer v. Richards, 163 U. S. 385, 41 L. Ed. 199. (2) When an innocent purchaser of taxbills and the lien thereof does not get the lien because it did not exist at the time of its assignment and was rendered invalid by the wrong of the vendor, he does not get what he intended to purchase and can recover the consideration from the vendor, there being an implied warranty that the thing sold was valid and existing. Wood v. Sheldon, 42 N. J. Law, 421. (3) The seller of a taxbill

like the seller of a note, impliedly warrants that it is untainted so far at least as he has been connected with its origin. Bank v. Jarvis, 20 N. Y. App. 229; Thompson v. McCullough, 31 Mo. 224. (4) Implied warranty of validity of chose assigned, in the absence of an express warranty, the assignor of a chose in action, for a valuable consideration, impliedly warrants to the assignee that the chose assigned is a valid, subsisting obligation in his favor to the extent to which it purports to be such. 4 Cyc. 83; Hunt v. Burke, 22 Ga. 129; Tylor v. Bailey, 71 Ills. 34; McCormack v. Reece, 3 Green (Iowa), 591; Winstell v. Hehl, 6 Bush (Ky.) 58; Emmerson v. Claywell, 14 B. Mon. (Ky.) 15; 58 Am. Dec. 645; Hunt v. Armstrong, 5 B. Mon. (Ky.) 399; Hughes v. Brown, 3 Bush (Ky.) 660; Eaton v. Mellus, 7 Gray (Mass.) 566; Sanders v. Aldrich, 25 Barb. (N. Y.) 63; Kingsley v. Fitts, 55 Vt. 592, 38 Am. Rep. 706; Flynn v. Allen, 57 Pa. St. (Smith) 482; Gilchrist v. Hilliard, 53 Vt. 592, 38 Am. Rep. 706; Giffert v. West, 33 Wis. 617; Daskam v. Ullman, 74 Wis. 474, 43 N. W. 321; Thomas v. Lynn, 20 S. E. 878; McGee v. Lynch, 3 Hayw. (Tenn.) 106; Howell v. Wilson, 2 Black (Ind.) 418; Furniss v. Ferguson, 15 N. Y. 437; Hurd v. Hall, 12 Wis. 125. (5) Littauer v. Goldman, 72 N. Y. 506, cited by appellant as authority that it was necessary for the defendant personally to have guilty knowledge of the invalidity of the taxbills at the time he assigned them and the lien thereof, to respondent, is against the weight of authority. It is criticised in the case of Meyer v. Richards, 163 U. S. 385, cited by appellant under point 1 of appellant's brief. Meyer v. Richards, 163 U. S. 385; Wood v. Sheldon, 42 N. J. Law, 425; Benjamin on Sales (7 Ed.), sec. 607. (6) The assignee is under no obligation to institute suit on the chose, when it is invalid, before seeking the return of the consideration paid therefor. Walsh v. Rogers, 15 Neb. 309, 18 N. W. 135. (7) When one purchases what purports and is

supposed to be genuine warrants of a county, but which are void because issued without authority, the purchaser upon discovering their true character, may recover the price paid for purchase. Walsh v. Rogers, 15 Neb. 309, 18 N. W. 135; Rogers v. Walsh, 12 Neb. 28, 10 N. W. 468. (8) The measure of the assignee's damages for breach of an implied warranty of validity of the chose is the amount paid the assignor for the chose. Dougherty v. Maple, 4 Bib. (Ky.) 557; Boyd v. Anderson, 1 Over. (Tenn.) 437, 3 Am. Dec. 762; Barley v. Layman, 79 Va. 518; Lawton v. Howe, 14 Wis. 241; 4 Cyc. 83. (9) Where anything is purchased under a material mistake of fact, the consideration may be recovered, whether the mistake be that of both parties or of one alone, and when the mistake is that of one party alone, whether the fact be known or unknown to the other party. Benjamin on Sales (7 Ed.), Bennett, p. 396; Lyle v. Shinnebarger, 17 Mo. App. 66. (10) A sale of what does not exist either in law or fact, is no consideration for a promise to pay for it and if the consideration has been paid it can be recovered back. Myers v. Richards, 163 U. S. 385; Shepherd v. Jenkins, 73 Mo. 510; Thomas v. Knowles, 128 Mass. 22; Dickinson v. Hall, 14 Pick. (Mass.) 217; Lester v. Palmer, 4 Allen (Mass.) 145; Wood v. Sheldon, 42 N. J. Law, 421; Claflin v. Godfrey, 21 Pick. (Mass.) 1. (11) Where the foundation for paving is constructed substantially of less thickness than required by the ordinance, the taxbills are void. Brick Co. v. Hamilton, 51 Mo. App. 120.

NIXON, P. J.—This was an action to recover the consideration paid for seven special taxbills issued to the appellant and assigned to the respondent. The taxbills were issued by the city of Joplin for paving with vitrified brick Wall street from the middle of Third street to the middle or center of Sixth street.

The plaintiff recovered judgment for the full amount of the taxbills from which the defendant has appealed.

The respondent is a corporation engaged in the banking business in the city of Joplin. It discounts special taxbills similar to the ones in controversy in this case. The appellant is and for several years has been a contractor, bidding on contracts for street improvements and taking taxbills in payment for his work. The respondent, knowing the appellant had these bills, had them examined by its attorney with a view of purchasing the same, and upon the attorney's favorable report bought them at their face value less five per cent discount, which was the usual market price of taxbills similar to these in the city of Joplin. The transaction was in the usual course, and the taxbills were all in the following form:

"Special Taxbill.
"No. 17.                    Paving with vitrified brick.
"City of Joplin, Jasper county, Missouri.

"It is hereby certified that the following described real estate in the city of Joplin, Jasper county, Missouri, and owned by William A. Campbell, to-wit: Lot 65 in Murphy's Addition to Murphysburg, an addition to the city of Joplin, Missouri, has been charged with the sum of $225,624, as a special tax to pay for paving with vitrified brick the roadway of Wall street from the center line of Third street to the center line of Sixth street, as declared necessary by Resolution No. 524 and authorized by Ordinance No. 2909, approved July 5, 1907; that the amount above stated has been levied and assessed against said real estate by Ordinance No. 3166, approved March 11, 1908.

"It is further certified that the above described real estate abuts on said street and on the part of same so improved; that the said paving with vitrified brick was done and the material therefor furnished by Lloyd Burress, contractor, to whom this special

taxbill is issued and made payable, in accordance with the contract entered into by said contractor and the city of Joplin in the manner provided by law; that the total cost of said improvements was apportioned among the several lots, tracts and parcels of land abutting on said street, and upon the part thereof so improved, in proportion to the front foot thereof and that the amount so charged against said real estate is its lawful share of the cost of said improvements.

"This special taxbill shall bear interest at the rate of eight per cent per annum from thirty days after its date and is a lien against the said real estate, which lien shall continue for a period of five years after the date hereof, unless sooner paid.

"Issued in accordance with the provisions of said last mentioned ordinance this —— day of March 13, 1908.

"HIRAM PHILLIPS, City Clerk.
"Countersigned J. F. OSBORNE, Mayor."

Appellant, as the evidence tends to show, told respondent's vice-president who had charge of the purchase of the taxbills for the bank that he had done the work according to contract. Respondent had no knowledge that appellant had failed to do the work as contracted, and believing the taxbills were valid liens against the real estate described therein purchased $2500 worth of them, paying the five per cent discount as aforesaid. Appellant executed on each of the taxbills the following written assignment: "Assignment. For value received I assign this special taxbill and the lien thereof to Miners Bank, Joplin, Mo. Lloyd Burress, Owner of Taxbill."

The evidence tended to show that the appellant had personally superintended the doing of the work in question and personally knew what was done. The respondent learned of appellant's failure to comply with his contract by the decision of this court in the

case of Burress v. Spring, 143 Mo. App. 688, 128 S. W. 27, which was a suit brought by the appellant to collect certain taxbills for paving under the same contract, in the course of which suit the appellant's failure to do the work according to contract was disclosed and the taxbills were held void by this court upon evidence substantially the same as that contained in the present record. When respondent learned the facts in the matter, it tendered back the seven taxbills, assigned them to appellant, and demanded that he return the consideration, which, being refused, this action was instituted to recover the same.

The respondent in its petition alleged in substance, that the appellant in doing the work and furnishing the materials in paving Wall street, for which services the taxbills were issued, did not comply with the ordinance (No. 110) of the city of Joplin, nor with his contract in the following particulars: That appellant used only one-half as much river sand as required by the ordinance, and not in the proportions therein required; that the sand was not river sand but "jig" sand, and that it was not six inches thick when tamped as provided by the contract; that the stone provided for by the contract was not flint stone. The petition alleged, among others, the following facts, which the evidence tended to sustain: That believing that defendant had constructed said paving in accordance with his said contract and in conformity with said ordinances of the city of Joplin and that said taxbills were valid and constituted a lien upon the real estate therein described, having no knowledge of any of defendant's failures to construct the pavement in accordance with the said contract and with the general ordinances provided for the same, and acting under the mistake of fact that the defendant had constructed said paving in accordance with his said contract, it purchased the said taxbills.

Under this evidence the plaintiff contends that it was an innocent purchaser of the taxbills and that under the law the defendant impliedly warranted their validity and that he had a subsisting lien against the real estate therein described. The appellant contends that there was no implied warranty and hence no liability on the conceded facts; that at most, a concealment of these facts, if relied on for recovery, would have been an implied fraud and for which there is no liability under the law of this state. It is conceded that the petition and instructions do not base respondent's right to recover on any fraud or fraudulent representations and did not require the appellant to know at the time he sold the taxbills that they were defective.

In the absence of an express warranty, the assignor of a chose in action, for a valuable consideration, impliedly warrants to the assignee that the chose assigned is a valid, subsisting obligation in his favor against the debtor to the extent to which it purports to be such. [4 Cyc. 82.]

As a general rule the assignor of a claim impliedly warrants that it is valid and that the debtor or obligor is liable to pay it, and if in fact the claim is invalid, the assignor is liable to the assignee for the amount paid for the assignment. [2 Am. and Eng. Ency. Law, 1090; Daskam v. Ullman, 43 N. W. (Wis.) 321.]

When an innocent purchaser of taxbills and the lien thereof does not get the lien because it did not exist at the time of its assignment and was rendered invalid by the wrong of the vendor, he does not get what he intended to purchase and can recover the consideration from the vendor, there being an implied warranty that the thing sold was valid and existing. [Wood v. Sheldon, 42 N. J. Law, 421.] The plaintiff purchased of defendant a *bona fide* subsisting demand

and received a taxbill, prima facie valid, which was in fact absolutely void *ab initio.*

Where anything is purchased under a material mistake of fact, the consideration may be recovered, whether the mistake be that of both parties or of one alone, and when the mistake is that of one party alone, whether the fact be known or unknown to the other party. [Benjamin on Sales (7 Ed.), Bennett, pp. 396, 397.]

The rule seems generally to prevail that the purchase money paid by a buyer for a chattel may be recovered back if there is a total failure of consideration by reason of the goods purchased being wholly worthless.

Under these authorities and many more that might be produced it is apparent that the doctrine of *caveat emptor* has no application to the condition of facts shown in this case, and further, that it was not necessary for the plaintiff to show scienter or knowledge that the defendant knew the invalidity of the taxbills; and the buyer would be entitled to recover the purchase price although the seller was innocent of any fraud and ignorant of the defect. [Boyd v. Anderson, 3 Am. Dec. (Tenn.) 762.]

As stated in the case of Claflin v. Godfrey, 21 Pick. l. c. 14: ''The general principle is well settled, that when the consideration totally fails, where nothing passes by the attempted transfer or conveyance, the amount paid may be recovered back. And the application of the principle does not depend upon the question, whether the failure arose from ignorance of the law or of fact.''

The plaintiff bargained for a special taxbill. The defendant assigned and delivered to plaintiff what purported to be such a taxbill and a valid subsisting lien for a specified sum on certain real estate therein described abutting on Wall street in the city of Joplin. Instead of getting such an obligation from defendant,

Davidson v. Railroad.

he received nothing but a worthless piece of paper which was rendered of no value by reason of defendant's own wrongful acts. In this way the defendant obtained plaintiff's money without any consideration. For a court of justice to sanction such a proceeding under these facts and allow the defendant to retain the plaintiff's money for which he gave nothing would be palpably inconsistent with equity and good conscience. The judgment is affirmed. All concur.