3bu 353
122   134

CASE 89—PETITION ORDINARY—MAY 26.

# Hackett vs. Schad.

#### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1.  Although a partial failure of consideration was, before the adoption of the Code of Practice, not pleadable to an action on a note, yet it might have been remediable in equity.

2.  The Code requires all defenses, equitable as well as legal, to be pleaded to an action at law; and an equitable right, thus available, may be lost unless thus litigated; consequently, whenever the court saw that there was a partial, and only partial, failure of consideration, it ought to have considered the equitable defenses by transferring the case to the equity side of the docket, and, by a commissioner or otherwise, have ascertained the extent of the failure, and given credit for it in the judgment.

I. & J. CALDWELL,            For Appellant,

CITED—

1 *Parsons on Contracts, p.* 386, *sec.* 14.

1 *Met. (Ky.)*, 229; *Griswold, &c., vs. Taylor's adm'r.*

3 *Met.*, 30; *Robinson vs. Bright's ex'r.*

3 *Monroe*, 290; *Bedal vs. Stith.*

MUIR & BIJUR,            For Appellee,

CITED—

1 *Littell*, 121; *Overstreet vs. Phillips, &c.*

4 *Mar.*, 532; *Rudd vs. Hanna.*

3 *Mon.*, 290; *Bedal vs. Stith.*

4 *Bibb*, 249; *French vs. Orear.*

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

For the consideration of twelve hundred dollars paid in advance, J. C. Johnson, owning a life estate in a house and appurtenant grounds, in the city of Louis-

ville, leased them to Francis Schad, for the term of ten years, to commence on the first of January succeeding the date of the lease, which was October 5th, 1864. Johnson died in December, 1864, before the commencement of the term. By the written contract Schad was allowed to build a small wooden house, with a cellar, and Johnson agreed to pay him, at the end of the term, what it might then be estimated as worth. Schad, claiming to have entered before Johnson's death, continued the possession until October, 1865, when, having in the meantime erected a frame building for a carriage-house, he, for the price of twenty-five hundred dollars, sold the residue of the term to Joseph Hackett, who then paid him one thousand dollars, and gave him his note for fifteen hundred dollars, and who, as assignee of the written lease, entered and occupied as a tenant until January, 1866, when, restitution being demanded by Mrs. Johnson, as owner of the estate in remainder, he surrendered, and bought from her the improvements and a portion of the ground for four thousand dollars. Then, insisting that the consideration had wholly failed, he refused to pay Schad the note of fifteen hundred dollars, and claimed restitution of the one thousand dollars he had paid him. In this action on that note, issues on the consideration and a counter-claim for the one thousand dollars having been submitted to the judge for trial, he adjudged against Hackett the full amount of the note, with interest and costs. As appellant, Hackett asks the reversal of that judgment.

It does not appear that Schad's entry was either tortious or continued without the knowledge and implied consent of Mrs. Johnson; and he may not, therefore, be responsible to her for rent; nor, without evidence, can we presume that Hackett's entry, as sub-lessee, was

against her will. But no reason appears why she was estopped to take possession whenever she chose to demand restitution as reversioner, and when she did so, the term expired without the fault, and against the will, of the appellant, and thus, to a great extent, the consideration for his purchase of the lease has failed. But the failure does not seem to be total. To the extent of the value of the possession, for about three months, without apparent liability, and of his contingent right to pay for the house built without objection, there was some valuable consideration. But, while the circuit court did not err in deciding that there was not a total failure of consideration for the note, it erred in not ascertaining the amount of the partial failure, and, to that extent, exonerating the appellant. Although a partial failure of consideration was, before the adoption of the Code of Practice, not pleadable to an action on a note, yet it might have been remediable in equity.

The Code requires all defenses, equitable as well as legal, to be pleaded to an action at law; and an equitable right, thus available, may be lost unless thus litigated. Consequently, whenever the court saw that there was a partial, and only partial, failure of consideration, it ought to have transferred the case to the equity side of the docket, and, by a commissioner or otherwise, have ascertained the extent of the failure, and given credit for it in the judgment.

Moreover, to end in one suit this controversy, as to all persons who are immediately, or may be consequently, interested in it, Schad and the lessor's widow, and also his representatives, ought to be made parties; and then, without any other litigation, Schad's claim for damages against his lessor's estate; the widow's right to rents; the appellant's right on his counter-claim, and to other relief,

for want of consideration; and the question, also, wheth-
er his purchase of the house and some of the ground, for
much less than their value, was intended by the parties
as an adjustment of all claim to relief for failure of con-
sideration, may all be at once satisfactorily and final-
ly adjusted. This is, therefore, peculiarly and eminently
a case for equitable jurisdiction, and should not be con-
cluded by a court of law between the present parties.

Wherefore, the judgment is reversed, and the cause
remanded for further proceedings as herein indicated,
and for a more comprehensive and quieting decree.