JUDGE HARDIN
delivered the opinion oe the court.
C. A. Moore being in possession of a house and lot in the city of Louisville, owned in fee by his wife, Catherine Moore, on the 18th day of March, 1851, executed a lease thereof to Thomas Sloan for a term of ten years from the 12th of April, 1851, at the rates of one hundred and fifty dollars per annum till the 12th of June, 1858, and two hundred dollars per annum thereafter till the 12th of June, 1856, and two hundred and fifty dollars per annum for the residue of the term.
Sloan assigned said lease to C. S. Reay, who assigned it to Robert Story, who assigned it to Sloan, the original lessee, on the 4th of August, 1853; and afterward, on the 23d of November, 1855, said C. A. Moore, by a written indorsement on said lease, agreed to extend it for a term of ten years from the expiration of the first lease at the rate of three hundred dollars rent per annum; and afterward, on the 18th of September, 1860, Sloan assigned the lease to William Cawein.
The appellee Hehl purchased the property, with removable fixtures thereon, from Cawein for two thousand dollars, and sold them, about the 18th of June, 1866, to Otto Winstell and Jacob Schuster for two thousand five hundred dollars; and with his consent Cawein executed an assignment of the lease directly to Winstell and Schuster, dated the said 18th of June, 1866. It appears that afterward, Winstell and Schuster desiring that said transfer should be correctly represented by the written assignments, two other indorsements were at their instance written at *61 the same time on the lease; one of them being an assignment, dated" May 1, 1866, from Cawein to Hehl, and the other an assignment, dated June 18, 1866, from Hehl to Winstell and Schuster.
C. A. Moore died in February, 1865, and it appears that his widow afterward received rents, according to the terms of the lease from Cawein and Hehl before, and from Winstell and Schuster after, the transfer to the latter, for about fifteen months after the death of C. A. Moore. Then, disaffirming the lease, she set up claim to the possession of the property, which was compromised without litigation by the execution of a new lease from her to said Winstell and Schuster, dated the 20th of November, 1866, of said house and lot, for a term ending on the 12th of April, 1871, for a rent of twenty-five dollars per month, until the 1st day of January, 1867, and at the rate of six hundred dollars per annum thereafter.
Afterward, on the 10th of April, 1868, Schuster assigned to Otto and Emil Winstell his interest in the right of recovery, which they obtained against Hehl by reason of his assignment and the loss of the use of the property by the assertion of the claim of Mrs. Moore.
Said O. and E. Winstell brought this suit in April, 1868, against Hehl and Schuster, seeking a rescission of the contract between Hehl and Otto Winstell and Schuster, and to recover back of Hehl the sum of two thousand five hundred dollars, with interest from the 18th of June, 1866.
. The action was defended by Hehl mainly on the grounds: first, that the assignment and transfer to Winstell and Schuster did not import a warranty of title or possession; second, that there was no actual eviction of the tenants in possession, and could be none under the claim of Mrs. Moore in opposition .to the lease, because she was estopped from so assorting her claim by having accepted *62 the provisions of tbe lease after her husband’s death, received the rents accruing under it, and acquiesced in the assignments; third, the execution and acceptance of the new lease was a surrender of the former one, and operated to convert the covenant of seizin or other obligation of C. A. Moore’s estate, or the intermediate assignors, if any was implied by the lease or assignments, and Hehl was thereby released. On a trial of the cause the court dismissed the petition, and the plaintiffs have brought the case to this court.
The first inquiry is as to the legal effect of the assignment of the appellee to "Winstell and Schuster.
It is argued for the appellants that it imports an implied undertaking by the assignor; that the assignees of the lease should have the undisturbed possession of the demised premises during the term, such being the implied warranty of the original lessor. (Taylor’s Landlord and Tenant, sec. 304). But in our opinion the implied obligation of the assignor is less comprehensive, and does not exceed that which is generally implied by the assignment of a bond for money or the conveyance of land, which is that the assignor has a right to pass to the assignee what his assignment purports to pass; or, in other words, that he is the absolute and unconditional owner of the land, and has a right to demand what it calls for; and that he will respond for the sufficiency of the obligor or his representatives. (Bedal v. Stith, 3 Mon. 290; Tribble and Baker v. Davis, 3 J. J. Mar. 633; Emmerson v. Claywell, 14 B. Mon. 18.)
We perceive no ground on which the claim against the appellee can rest, except the ordinary responsibility resulting from an assignment, which operated to bind him to refund the consideration he received for the assignment of the lease, exclusive of the price of removable fixtures and other personalty, in the event that Winstell *63 and Schuster were legally evicted under the claim of Mrs. Moore, and could not, by legal means properly exerted, enforce against the estate of O. A. Moore the obligation implied by his lease, provided they did not, in their compromise with Mrs. Moore and the surrender of the original lease, so affect the rights of the appellee as to release him from responsibility as assignor.
The next question to be determined is whether Winstell and Schuster were legally obliged to yield to the claim of Mrs. Moore, which they might have done without litigation if the claim was such as they could not successfully resist, the burden resting on them of proving that fact.
That the lease of C. A. Moore was only binding on his wife during his life-time there can be no doubt; but it is contended, and according to some adjudged cases too, that by her acceptance of rent and apparent acquiescence in the lease after she became discovert she affirmed it, and become bound by its provisions.
This would have been so, no doubt, if she had originally joined her husband in the lease; for, having thereby attempted to bind herself in writing, she might, after her husband’s death, affirm the act or avoid it, at her election. But the principle has been laid down, as we think, in accordance with the weight of authority, that “ a mere verbal lease by husband and wife of her lands, or a written lease to which she is not a party, is void as to the wife.” (Taylor’s Landlord and Tenant, section 102; 1 Roper on Property, 93; Worthington’s lessee v. Young, 6 Ohio, 314.)
Whether Mrs. Moore might not have barred her right of recovery by acts constituting an estoppel need not be here decided. The mere receipt of rent, which she had a right to demand irrespective of the lease, did not create such an'estoppel.
*64 We are of tlie opinion therefore that Winstell and Schuster were legally bound to surrender the possession on the demand of Mrs. Moore. But, admitting that they were lfegally ousted, were they entitled to any judgment against ilehl in this ease? As we have seen, their rights and remedies were those of ordinary assignees, and their recourse upon liehl depended on the exercise of proper diligence in the pursuit of the rights which the assignment passed to them against the estate of C. A. Moore, deceased., No such diligence is shown; nor does it appear that the plaintiffs might not thereby have obtained the relief which they seek in the first instance against Hehl.
Whether therefore they released the appellee from responsibility by surrendering the old lease on the acceptance of the new one, and thereby placed it out of the power of the court to put them and the appellee in statu quo by a rescission of their contract, as is contended for the appellee, we are of the opinion that the plaintiffs did not manifest any right of recovery in this case, and their petition was properly dismissed.
Our attention has been drawn to the case of Hackett v. Schad, 3 Bush, 353, as militating against some of the views which we have expressed in this opinion. That was an ordinary action upon the note of Hackett to Schad for $1,500, the balance of the consideration of a sale to Hackett of an unexpired term which Schad held in a house and appurtenances as lessee of Johnson, whose lease was assigned to Hackett; the defense being a failure of consideration in consequence of the death of Johnson, and the reversion of the property to his wife, who held the title and a counter-claim to recover tack one thousand dollars which Hackett had already paid. And this court reversed the judgment which was rendered in favor *65 of Sehad on the ground that there was an apparent partial failure of the consideration of the note; but it does not appear whether by the terms of 'he sale to Hackett he was bound to use diligence in proceeding against the estate of Johnson, nor that he had not done so. It seems, moreover, to have been the opinion of the court that, with a view to further litigation, the .case should have been transferred to and tried in equity.
Wherefore, for the reasons indicated in this opinion, the judgment is affirmed.