## JOSEPH HACKETT *v.* FRANCIS SCHAD.

**Landlord and Tenant—Lease—Assignment—Responsibility of Assignor.**
In the absence of a contract on the part of the assignor of a lease to be responsible for the title of the lessor, or to keep the assignee in possession of the premises during the continuance of the lease, no obligation on his part can be implied from the assignment of the lease. The only undertaking which the law will imply from the assignment of the lease is that the assignor will be responsible for the ability of the lessor and his representatives to respond in damage provided there is an eviction.

**APPEAL FROM LOUISVILLE CHANCERY.**

October 2, 1871.

OPINION BY JUDGE PETERS:

This case has heretofore been to this court, and the opinion then delivered is reported in 3 *Bush* 353, which is referred to as showing the contract out of which this controversy has arisen, and the prinicples then settled as applicable to the facts as presented by the record then before the court.

By mistake in the opinion referred to, Mrs. Johnson, the widow of the lessor, was treated as the owner of the estate in the remainder, when in fact her daughter, Mary E., was the owner thereof, and in an amended pleading making her a defendant the plaintiff below charges that while appellant was in the peaceful possession of the premises, under the law, assigned to him,

he purchased the greater part of the leased premises from Miss Johnson, the owner of the fee without notice to him, or his consent and surrendered his lease. That the portion so purchased by appellant was then worth $6,500, but that the owner sold it to him for the sum of $4,000, and that a deduction of $2,500 was made from the price and true value of the property to indemnify appellant and protect him from loss of the price he had paid and agreed to pay appellee for the lease, and for a surrender of the residue of the premises to her not included in her father's lease to appellee, and he then avers that he is willing to take the portion of the perimses purchased by appellant of Miss Johnson at the same price he paid, and refund the $1,000 he received from appellant when he made the assignment of the lease to him, and to surrender the note for the residue he was to receive and for which this suit was brought; or to rescind the contract of assignment on equitable terms if appellee would pass to him the benefit of the purchase from Miss Johnson.

This amendment was filed October 2, 1868, the mandate of this court having been entered the 11th of the July preceding. Subsequently Miss Johnson married R. W. Woolley, Esq., who was made a defendant to the suit and he and his wife filed their answer in which they admit and affirm the fact that a part of the leased premises were sold to appellant by Mrs. Woolly for $2,-500 less than the value of the property at the date of the sale, to protect him from loss on account of the assignment of the lease to him.

No answer to this amended pleading was filed by appellant, and the allegation that a part of the leased premises with the house was purchased by appellant for much less than their real value as a satisfaction by the owner in remainder for any failure of consideration and so on an adjustment of all claims to relief should be regarded as admitted.

On the trial of the cause after its return from this court, and after it had been transferred to the chancery court, judgment was again rendered against appellant for the sum claimed and he has again appealed.

There is no contract expressed, either written or verbal, on the part of appellee to be responsible for the title of the lessor, or to keep appellant in possession during the continuance of the

lease. Nor can an obligation on him be implied from the assignment of the lease. The only undertaking which the law will imply from the assignment is that he will be responsible for the ability of Johnson, the lessor, and his representatives. And it is not even alleged that the estate of Johnson is insufficient, or that an effort has been made to fix a liability on his estate.

The doctrine as applicable to the assignments is too well established to require a citation of authorities at this day to sustain it, and a reference to numerous authorities to the point, which might be done, would manifest an effort at a show of much leaning.

Moreover in the deed from Mary E. Johnson to appellant which was filed in the cause after its return to the court below, it is recited in consideration of the quiet, peaceable and unobstructed surrender and delivery of the possession by appellant of so much of the ground with the appurtenances included in a lease made by Dr. J. C. Johnson to Francis Schad and which lease was assigned by said Schad to said Hackett on the 18th of October, 1868, as is not comprised in the premises conveyed to him and the further consideration of $4,000 the conveyance was made to him. Thus showing that the surrender of a part of the leased premises formed a part of the consideration for the conveyance. And while there is considerable conflict in the parol proof as to whether the property conveyed was at the time worth more than $4,000, still as the allegation that it was worth $6,500, and that the conveyance for less than the real value of the property was intended by the parties as a satisfaction for the amount paid for the lease is not denied. Eviednce that the $4,000 paid was the full value of the property cannot avail and especially as the allegation is to some extent sustained by the recital in the deed.

Judgment affirmed.

*Caldwell, for appellant.*

*Muir & Bijou, Woolleys, for appellee.*