ALBERT S. WHITE, FREDERICK J. RUSSELL AND JAMES K. FLOOD v. ISSACHAR N. ROBINSON.

*Sale of transferable paper—Warranty of validity.*

A sale of genuine documents does not involve any warranty that the officers who issued them had lawful authority to act in the particular case.

School orders, payable to bearer, were sold, without indorsement, at a discount, and it did not appear that the vendor was asked or made any representations as to their character or consideration. The papers were not forged, and were valid on their face, but the school officers had exceeded their authority in issuing them. *Held*, in assumpsit against the vendor to recover back the purchase price, that in the absence of false representations or of fraud, the purchasers took them for what they were worth, and had no cause of action against the vendor.

Error to Oceana. (V. H. Smith, J.) Jan. 11.—Jan. 18.

ASSUMPSIT. Defendant brings error. Reversed.

*George Luton* for appellant. Purchasers of paper should obtain a guaranty of its genuineness if they cannot depend on their own judgment : *Lambert v. Heath* 15 M. & W. 486.

*W. E. Ambler* for appellees. The vendor of personalty impliedly warrants the title thereof : *Chism v. Woods* 3 Am. Dec. 740; *Defreeze v. Trumper* 1 Johns. 274 ; one who transfers a chose in action impliedly warrants that there is no defense to its collection arising out of his non-connection with its origin : 2 Pars. N. & B. 39 ; *Delaware Bank v. Jarvis* 20 N. Y. 226; where the title is bad the purchaser is entitled to recover back the price : *Boyd v. Anderson* 3 Am. Dec. 762 ; *Paul v. Kenosha* 22 Wis. 266 ; in assigning a non-negotiable instrument for a full and fair price the assignor impliedly warrants its validity, and the liability of the obligor, unless the contrary clearly appears : *Hurd v. Hall* 12 Wis. 115 ; *Mackie v. Davis* 2 Wash. (Va.)

219; *Caton v. Lenox* 6 Rand. 31; *Coiner v. Hansbarger* 4 Leigh 452; *Goodall v. Stuart* 2 Hen. & Mun. 105; *Mandeville v. Riddle* 1 Cr. 290; *Yeaton v. Bank of Alexandria* 5 Cr. 49; *Crawford v. M'Donald* 2 Hen. & Mun. 189; *Howell v. Wilson* 2 Blackf. 418; *Maupin v. Compton* 3 Bibb 215; *Lile v. Hopkins* 12 Sm. & M. 299; *Furniss v. Ferguson* 15 N. Y. 437; one who transfers a bill or note by endorsement without recourse warrants the genuineness of prior signatures: *Challis v. McCrum*—Kan.—: 9 Cent. L. J. 149; *Hannum v. Richardson* 48 Vt. 508; *Young v. Cole* 3 Bing. N. C. 724; *Gompertz v. Bartlett* 2 El. & B. 849; and he impliedly warrants that the paper has no defect in it: *Snyder v. Reno* 38 Ia. 329; *Ticonic Bank v. Smiley* 27 Me. 225; *Blethen v. Lovering* 58 Me. 437; *Ogden v. Blydenburgh* 1 Hilt. 182; *Fake v. Smith* 7 Abb. N. S. (N. Y.) 76; *Terry v. Bissell* 26 Conn. 23; 1 Dan. Neg. Inst. § 670; see *Rogers v. Walsh* 12 Neb. 28, distinguishing Lambert v. Heath 15 M. & W. 486 and Otis v. Cullum 92 U. S. 447.

CAMPBELL, J. Plaintiffs sued defendant, who had sold them several school orders, on the ground that a portion of them had been issued without authority. The declaration sets up an undertaking by defendant that they were good, true and valid orders signed by the school officers.

On the trial it appeared that plaintiffs bought the orders at a discount and that they were signed by the parties who purported to sign them. It also appeared that they were purchased without indorsement, being payable to bearer, and that defendant made no representations and was asked no questions on the character or consideration. He is not sued for fraud and the difficulty seems to have been that the school officers exceeded their authority. The papers are not forged, and so far as the record shows there was no bad faith. At any rate the case is not put on any such footing.

The court below took the case from the jury and ordered judgment for plaintiffs for the amount claimed.

We do not think any case was made out under the decla-

ration. A sale of genuine documents may involve a warranty of title, but we do not think it involves any warranty that the officers had lawful authority to act in the given case. These papers were valid on their face, as is admitted, and we think in the absence of any representation or fraud plaintiffs took them for what they were worth. *Otis v. Cullum* 92 U. S. 447.

The judgment should be reversed with costs and new trial granted.

The other Justices concurred.