BANK OF COMMERCE, Respondent, v. J. B. RUFFIN, Appellant.

**Springfield Court of Appeals, April 14, 1915.**

1. **TAX BILLS: Assignments: Implied Warranty.** Where a contractor assigned a special tax bill and lien he impliedly warranted that there was a valid lien. And when it was determined that such contractor never had such lien by reason of his own conduct, he was liable to the assignee for the amount paid for such tax bill.

2. **ASSIGNMENT OF CHOSES IN ACTION: When Not an Implied Warranty.** The rule that an assignor impliedly warrants the validity of a chose in action which he has assigned does not apply to public securities rendered invalid because of some invalidity in the proceedings of a governmental body, or to those rendered void by reason of some unconstitutional or void law or ordinance.

3. ———: **Enforcement: Risk.** An assignee takes the risk of enforcing a chose in action provided what he bought was in fact what it seemed to be, a genuine, valid, subsisting claim, debt or lien.

4. **WARRANTIES: Implied: Applicable to Choses in Action.** The doctrine of implied warranty extends to choses in action.

5. **ASSIGNMENTS: Public Securities: Liability for Defects.** When public securities are void because of invalid proceedings or void legislative acts, the purchaser of such securities, in the absence of fraud or express warranty, takes them at his own risk.

6. ————: **Consideration: Tax Bills.** A contractor assigned a tax bill and lien thereof on private property. The tax bill was invalid because the contractor failed to construct the sidewalk in the street, but made it encroach on private property and no lien existed. The consideration for the assignment failed, the assignee having no rights under the assignment.

Appeal from Greene County Circuit Court.—*Hon. Arch A. Johnson*, Judge.

AFFIRMED.

*Wm. B. Skinner* for appellant.

(1) To render a tax bill nonenforceable, *in toto,* on the ground that part of the improvement encroached upon private property, even before the adoption of the *quantum meruit* statute of 1911, there would have to be an entire absence of facts and circumstances tending to show that the part improperly placed could be removed and that the remainder would make a symmetrical, sightly and durable walk, or that the part properly placed could not be added to or pieced out so as to produce such a result. Unless the record shows affirmatively that no such showing could be made or was possible in the case at bar, it was error for the trial court to treat the tax bill in suit as a nullity and of no substantial value. Springfield ex rel. Bank v. Baxter, 180 Mo. App. 40; Boonville ex rel. Cosgrove v. Rogers, 125 Mo. App. 142. (2) In the absence of an express warranty the vendor of a bill, bond or other public security, is liable *ex delicto* for bad faith and *ex contractu* there is an implied warranty on his part that they belong to him and they are not forgeries. Where there is no express stipulation, there is no liability beyond this. Otis v. Cullum, 92 U. S. 447; Lamert v. Heath, 15 Mees and W. 486; Gompert v. Bartlett, 2 El. and Bl. 849; Orleans v. Platt, 99 U. S. 676; Insurance Co. v. Middleport, 124 U. S. 534; Meyers v. Richardson, supra; Merchants Ex. Nat. Bank v. Bur-

gen, 115 U. S. 384; Ruohs v. Bank, 94 Tenn. 57; Richardson v. Marshall County, 100 Tenn. 346; Tiedeman on Commercial Paper, par. 244; 2 Mechem on Sales, page 1145; Jones on Corporation Bonds, par. 220; Daniel on Negotiable Instruments, par. 734; Littauer v. Goldman, 72 N. Y. 506; Ogden on Negotiable Instruments, page 116.

*Lewis Luster* for respondent.

(1)   Respondent is bound by the judgment or the result of the litigation in the case of City ex rel. Bank v. Baxter, having had due notice of said action and full opportunity to prosecute or to assist in the prosecution thereof.   Gantt v. Insurance Co., 68 Mo. 534; Strong v. Insurance Co., 62 Mo. 289, and 4 Mo. App. 7; Garrison v. Transfer Co., 94 Mo. 130; St. Joseph v. Railroad, 116 Mo. 636; Railroad v. News Co., 151 Mo. 390; State ex rel. v. Barker, 26 Mo. App. 487; Landis v. Hamilton, 77 Mo. 565; Stewart v. Thomas, 44 Mo. 42; Lebanon v. Mead, 4 Atl. 392; Robberson v. Chicago, 4 Wallace, 657; Brooklyn v. Railroad, 47 N. Y. 475; Andrews v. Gillispie, 47 N. Y. 487; Warner v. McGary, 4 Vt. 507; Marsh v. Smith, 34 N. E. 866; Richmond v. Ames, 41 N. E. 671; Salle v. Light's Exrs., 39 Am. Dec. 317; Prescotte v. Leconte, 82 N. Y. S. 411; Daskham v. Ullmann, 43 N. W. 321; Carpenter v. Pier, 73 Am. Dec. 288; 11 Cyc. 1157; 23 Cyc. 1270. (2)   In the absence of an expressed warranty the assignor of a chose in action for a valuable consideration impliedly warrants to the assignee that the chose assigned is a valid and subsisting obligation in his favor against the debtor to the extent to which it purports to be such.   That he has a right to demand what it calls for; that its face is a true description of its character, both in respect to its genuineness, to its validity and legal operation.   4 Cyc. 82; Bank v. Burress, 164 Mo. App. 698; Daskham v. Ullmann, 43 N. W. 321;

Bank of Commerce v. Ruffin.

Wood v. Sheldon, 42 N. J. 421; Boyd v. Anderson, 3
Am. Dec. (Tenn.) 762; Claflin v. Godfrey, 21 Pic.
(Mass.) 14; Galbreath v. Wallrich, 102 Pac. 1089; Gif-
fert v. West, 33 Wis. 617; Hunt v. Burk, 22 Ga. 129;
Tyler v. Bailey, 71 Ill. 34; McCormick v. Reece, 3
Green 591; Winstell v. Hill, 69 Ky. 58; Emerson v.
Claywell, 58 Am. Dec. (Ky.) 645; Hunt v. Armstrong,
44 Ky. 399; Hughes v. Brown, 3 Bush (Ky.) 660;
Kingsley v. Fitts, 55 Vt. 293; Gilchrest v. Hillard, 73
Vt. 692, 38 Am. St. 706; Houston v. McWeer, 40 W.
Va. 365, 22 S. E. 80; Bank v. Spates, 36 S. E. 81; Bank-
head v. Owen, 60 Ala. 457; Aldrich v. Jackson, 5 R. I.
218; Palmer v. Courtney, 32 Neb. 773, 49 N. W. 754;
Hannum v. Richardson, 48 Vt. 508; Seeley v. Reed,
68 Fed. 164; Dumont v. Williamson, 18 Ohio St. 515, 98
Am. Dec. 186; Walch v. Rogers, 15 Neb. 309, 18 N. W.
135; Bank v. Jarvis, 20 N. Y. 229; Flynn v. Allen, 57
Pac. 482; 2 Am. & Eng. Enc. Law, 1090; 22 Am. & Eng.
Ann. Cases, 923; Miller v. Dougan, 31 Iowa, 43; 2 Clark
on Contracts, sec. 1456; Meyers v. Richardson, 163 U.
S. 385; Daniel on Negotiable Instruments, 730 and 733a.

STATEMENT.—The plaintiff bank purchased from
the firm of Davis & Ruffin a special tax bill issued by the
city of Springfield against real estate owned by Eliz-
abeth R. Baxter, paying the firm therefor the amount
stated on the face of the tax bill less six per cent, which
is the usual discount. Payment of the tax bill was
refused and the bank brought suit against Elizabeth R.
Baxter to subject the property to the lien of the tax
bill described therein, covering the cost of the improve-
ment, first having notified J. B. Ruffin that it was un-
able to collect the tax bill against the Baxter lot and
demanding that Ruffin take up the tax bill and pay
back plaintiff's money, which Ruffin refused to do. In
the action brought by the bank (as relator) against
Elizabeth R. Baxter, the defendant herein was a wit-
ness for the relator in trying to uphold the validity

of the tax bill and was thoroughly familiar with the steps that were being taken and the proceedings that were instituted and carried on for the enforcement of the tax bill against the lot. That suit resulted in a finding in favor of Elizabeth R. Baxter and the tax bill was declared void because the contractors, Davis & Ruffin (the Ruffin of that firm being the defendant herein), had placed the improvement (a sidewalk) partly on private property. The facts of the case with reference to that matter will be found stated in our opinion in the Baxter case. [City of Springfield ex rel. Bank of Commerce v. Baxter, 180 Mo. App. 40, 165 S. W. 366.] The tax bill having been declared void in that suit, the bank then demanded of the defendant Ruffin a return of the money it paid for the instrument together with the expense and cost of the litigation in the Baxter case, which was refused. This proceeding was then instituted and resulted in a judgment for the plaintiff bank. The defendant Ruffin has appealed to this court.

The tax bill assigned to the plaintiff bank is as follows:

"No. 11321.    SPECIAL TAX BILL.

"For the Construction of Sidewalks.

"City of Springfield, in Greene County, Missouri.

"It is hereby certified that there has been constructed by Davis & Ruffin, contractors, a cement first-class sidewalk on the east side of Myrtle street in the city of Springfield, Missouri, 167.7 feet of sidewalk and 12.42 yards of grading, being in front of the following described real estate situated in said city and owned by Elizabeth R. Baxter, viz.: Lot 1, Oaklands, said real estate abutting on said improvements; that the price for said work as named in the contract therefor is 167.7 feet at 44c per lineal foot and twenty-five cents per cubic yard for grading; that the council of said

city by Ordinance No. 5485, entitled 'An ordinance levying and assessing a special tax against the lots, blocks and pieces of ground hereinafter described to pay for constructing cement four-foot first-class sidewalk on both sides of Myrtle street between Cherry street and Monroe street, and to direct and authorize the mayor and clerk to issue special tax bills therefor and deliver the same to the contractor entitled thereto,' approved third of November, 1909, has levied a special tax upon the lots, blocks and pieces of ground upon the side of the street along and upon which such improvements have been made, for the amount due the contractor on said contract, apportioning such amount among the several lots, blocks and pieces of ground liable therefor, according to the front foot thereof, charging such lots and pieces of ground with their proper and lawful share of the amount due on said contract; that the above-described land has been by said ordinance charged with, and the same is now charged with seventy-six and eighty-nine one-hundredths (76.89) dollars, its proper and lawful share of the cost of such improvement, this tax is made a lien against the above described lot and shall be assignable and collectable in any action brought in the name of the city to the use of the holder thereof, in any court of competent jurisdiction, and in such action shall be prima-facie evidence of the regularity of the proceeding for such special assessment of the validity of the bill, of the doing of the work, of the furnishing of the material charged therefor, and of the ability of the above-described property to the charge herein stated, which sum if not paid in thirty days from the date of issue and presentation, shall bear interest at the rate of eight per cent per annum.

"This bill shall be a lien against said lot or piece of ground for five years from date of issue, unless sooner paid.

190MA9

"Issued by direction of the council of said city this 5th day of November, 1909.

"G. W. HACKNEY, City Clerk.
"Countersigned, LOUIS P. ERNST, Mayor."

The assignment of the tax bill is as follows:

## "ASSIGNMENT

"For value received, we assign this special tax bill and the lien thereof to Bank of Commerce, Springfield, Missouri, and authorize it to sign our name and the receipt and certificate of satisfaction.

"DAVIS & RUFFIN, Contractors."

The recovery was for only the amount paid by the plaintiff for the tax bill, no allowance being made for the expense and cost of the Baxter suit.

The plaintiff's petition herein bases recovery on the principle that there is an implied warranty of the validity of this special tax bill which plaintiff claims arises from the purchase and the assignment to it. It is conceded that there was no fraud practiced, nor was any express warranty made. The plaintiff bank asserts that there was a breach of an implied warranty, and this the defendant denies.

On reading the tax bill it will be noted that it definitely described the work done, the amount due, and the property to be charged, and states that it is a lien against that property. The assignment expressly sold the tax bill and the *lien* thereof.

There is no question in this case involving the validity of the proceedings of the city council, as they appeared to be regular in all respects.

The latent defect which invalidated this chose in action was only the act of the contractors and the city in failing to construct the sidewalk in the public street.

## OPINION.

FARRINGTON, J.—We are of the opinion that by the sale of the paper purporting on its face to be a tax bill and purporting to be a lien on a certain lot and the statement in the assignment thereof that a lien existed on that lot, the seller contracted that he was delivering a valid, subsisting, enforceable lien, obligation, or chose in action against the Baxter lot; and that when it was shown that that which Ruffin sold was not a lien as represented and never had been a lien against this lot because of a defect not growing out of and discoverable from the council proceedings but collateral thereto, he breached the condition of his contract, which breach has in a number of instances, as is pointed out in the case of Meyer v. Richards, 163 U. S. 385, 41 L. Ed. 199, been called a breach of an implied warranty.

In discussing the tax bill and lien in question in connection with other choses in action throughout this opinion, when we speak of an instrument as invalid or unenforceable or nonexistent we are not referring to those rendered invalid because of some invalidity in the proceedings of a governmental body, or to those rendered void by reason of some unconstitutional or void law or ordinance. The courts and text-writers recognize that defects in this respect as to public securities form an exception to the general rule. [See: Otis v. Cullum, 92 U. S. 447, 23 L. Ed. 496; Meyer v. Richards, 163 U. S. 385, 41 L. Ed. 199; Ruohs v. Third National Bank, 28 S. W. 303; Richardson v. Marshall County, 45 S. W. 440; Rogers v. Walsh, 10 N. W. 467; Walsh v. Rogers, 18 N. W. 135; White v. Robinson, 50 Mich. 75, 14 N. W. 704; Sutro v. Rhodes, 92 Cal. 124, 28 Pac. 99; Ogden on Negotiable Instruments, sec. 116; 1 Daniel on Negotiable Instruments (6 Ed.), sec. 734; Tiedeman on Commercial Paper, sec. 244.]

Appellant admits that the case of Miners Bank v. Burress, 164 Mo. App. 690, 147 S. W. 1110, is an authority against his position, but he asserts that the decision in that case was for the right party because the contractor must have known that he failed to use the quantity of material called for by his contract and that a recovery by the purchaser of the tax bills in that case should be sustained on the ground that fraud was practiced. However, the appellant takes issue with what the court there said as to a recovery on an implied warranty. Regardless of what the facts in that case were, the opinion did in plain language allow the recovery on the breach, and therefore our decision now is in line with what was there held.

A review of the decisions on the question, in connection with the facts of this case, we think sustains our position. We shall first discuss a number of cases holding that any defect unknown to seller and buyer which renders the chose in action absolutely void entitles the purchaser to recover, followed by a discussion of the cases falling within an exception to the general rule, to-wit, government securities which are defective by reason of an unconstitutional or void law or ordinance, or where there was something done or left undone in the proceedings that rendered the securities void.

In the case of Gilchrist v. Hilliard, 53 Vt. 592, a recovery was had on the theory that there was an implied warranty that certain accounts when assigned were what they purported to be—"due and owing." The decision in that case was reaffirmed in the case of Chester Kingsley v. Fitts & Avery, 55 Vt. 293, 295.

In the case of Wood v. Sheldon, 42 N. J. L. 421, a recovery was allowed on the sale of a nonnegotiable chose in action, a certificate which on its face evidenced that the defendant was entitled to a certain amount of money. The issue of this and other like certificates was declared fraudulent and illegal. The rule of *caveat*

*emptor* was pressed. The language of the court is concise: "The cases cited in the brief of the counsel of the plaintiff in error, appear to me wanting in pertinency. They are decisions elucidating or enforcing the rule of *caveat emptor*, which it is insisted applies as well to a sale of stocks as to chattels. But that rule, in all cases, is applicable only to the quality of the thing sold, and not to its title. So it has no relevancy where a nonentity has been the subject of a sale. The precedents cited which maintain the principle that where a person gets what he intended to purchase, he cannot repudiate the bargain, no matter how worthless the thing so obtained may be, certainly can have no application to this case, in which the vendee did not get what he expected to get. Both parties to the present contract thought that he was obtaining a valid obligation of this gas company, binding them to pay this large sum of money. Instead of this, a nullity was passed to him."

In the case at bar, plaintiff bargained for and the defendant undertook to sell a lien on a certain lot when in fact there was never any time when defendant owned such lien; it never existed any more than the accounts existed in the Vermont case, or the credit in the New Jersey case, and its failure to exist was not due to an invalid proceeding of the city council nor because it was issued under a law or ordinance which was unconstitutional or void.

A similar case is that of Daskam v. Ullman, 43 N. W. 321, where the court said: "It is not denied that the defendants had sold these notes to the plaintiff for all that appeared on their face to be due upon them. This being so there was surely a warranty implied in law that they had not been paid; for it is the settled law in this State that, in the assignment of an instrument or contract in writing, even not negotiable, for a full and fair price, the assignor impliedly warrants that it is valid, and that the maker is liable upon it,

unless it clearly appears that the parties intended to the contrary. It is sufficient to cite, in support of this proposition, the case of Giffert v. West, 33 Wis. 617, where the question is elaborately considered and this rule of law established.''

That the defendant impliedly warranted the validity of a lien or contracted to pass title to a lien does not mean that there must have been sufficient property to satisfy the lien; but he purported to sell a lien on a certain lot and impliedly represented that he owned such lien, that there was no forgery connected therewith, and that he had a right to enforce such lien, which right he was selling to the assignee. The facts disclose that what he had was no lien at all on this lot and that he never had a right to enforce a lien on the lot, growing out of a defect collateral to the proceedings of the city council or laws under which it was acting. His paper evidence of his supposed lien was a nullity and was not what he, by showing it and offering it for sale, was representing it to be. The face of the instrument he was selling purported to be a lien on a certain lot and by the language defendant used in his assignment thereof he purported to sell such lien; in other words, he was selling a claim or chose which purported to make a certain lot liable to a certain lien for the payment of a certain sum of money, and he must be held liable in this case if he failed to deliver that which would be a lien on the lot, since the failure to make a valid lien did not grow out of the proceedings authorizing its issuance. [Giffert v. West, 33 Wis. 617.]

In the case of Boyd v. Anderson, 1 Overton, 438, 3 Am. Dec. 762, a land warrant was sold and subsequently declared void. The purchasers were allowed to recover the purchase price on the principle that ''where the seller has the possession of goods, the bare affirming them to be his makes a warranty.''

The defendant in our case asserted that he had a lien on the Baxter lot, and he should therefore be required to make good such assertion. [See: Claflin v. Godfrey, 21 Pick. (Mass.) 1; Tyler v. Bailey, 71 Ill. 34; Winstell v. Hehl, 69 Ky. 58; Emmerson v. Claywell, 14 B. Monroe (Ky.) 18, 58 Am. Dec. 645.]

An assignee takes the risk of enforcing a chose in action provided what he bought was in fact what it seemed to be, a genuine, valid, subsisting, claim, debt or lien. [Houston v. McNeer, 22 S. E. 80; Dumont v. Williamson, 18 Ohio State, 515, 98 Am. Dec. 186.]

Here, the act of the defendant in not constructing the sidewalk in the public street, but putting it on private property instead, made his claim against that lot a nullity—made so by his own error or mistake; and although the city engineer marked the place for him to lay the sidewalk, this does not relieve him of the duty of placing it where his contract provided, upon an issue between the owner of the tax bill and the owner of the lot. The contractor cannot rely upon the directions of the city engineer. [City of Springfield ex rel. Bank of Commerce v. Baxter, supra, and cases cited.]

Defendant did not attempt to sell a claim against the city, but a claim against this Baxter lot; and although there was no fraud on his part rendering the tax bill void, under the circumstances he should be held liable for not delivering what he undertook to sell and what the purchaser undertook to buy. [See: Delaware Bank v. Jarvis, 20 N. Y. 226; Challiss v. McCrum, 22 Kan. 157, 162; Gilchrist v. Hilliard, 53 Vt. 592.]

The doctrine of implied warranty extends to choses in action. [Tiedeman on Sales, sec. 185.] And unless there is an intention manifested otherwise there is an implied warranty of ownership in this case of the lien described, and the property in the lien is the right to enforce it. [2 Elliott on Contracts, sec. 1456; 1 Dan-

iel on Negotiable Instruments (6 Ed.), secs. 730 to 734a inclusive.]

If the supposed lien were void and a recovery denied because of a forgery, or because it had been fully paid and discharged before it was sold, or because it was issued by no authority whatever, or because one was not the owner of it, what rational reason can be given to deny a recovery when it is shown that there was not at any time a lien that existed against the lot? [See note at page 924 of 22 Am. and Eng. Anno. Cases; also, 2 Am. and Eng. Ency. Law, 1090; 4 Cyc. 82; Norton on Bills & Notes, sec. 79.]

Ogden on Negotiable Instruments, section 116, in discussing the liabilities of an assignor of a chose in action lays down the well-known rule that an assignor impliedly warrants that the parties to a contract are competent to enter into a contract, and that where there is a breach of warranty in this respect the assignor must answer to the assignee. It is stated, however, that *there is one exception to this rule, which is that there is no such implied warranty in cases of sales of government securities.* [See, also, Tiedeman on Commercial Paper, sec. 244.] The reason given is that a governmental body, in order to issue securities, must comply with the legislative acts and requirements of law; that is, the validity of its proceedings must depend upon a conformance to certain laws which are as well within the knowledge of the purchaser as of the seller. This knowledge of invalidity cannot be when the defect making the chose absolutely void and nonexistent is not connected with the proceedings but is an independent fact or act known only to those to whom it is brought home.

This exception as to government securities and the reason therefor should be borne in mind in reading some of the cases relied upon by the appellant. For instance, it is held in Otis v. Cullum, 92 U. S. 447, 23 L. Ed. 496, that an assignor does not warrant im-

pliedly against a defect growing out of proceedings under which the city bonds were issued. It might be said that the defect rendering the bonds void was not in that case latent, but patent, because it appeared in the acts and proceedings on the records of the governmental body. That case has been affirmed by the later decisions of the Supreme Court of the United States cited by appellant, and is also recognized and affirmed in Meyer v. Richards, 163 U. S. 385, 41 L. Ed. 199. At any rate when the public securities are void because of invalid proceedings or void legislative acts the purchaser of such securities, in the absence of fraud or express warranty, takes them at his risk. In the case last mentioned, however, where the defect was not disclosed on the face of the bonds nor in the proceedings under which the bonds purported to be issued, but grew out of an independent collateral wrongful act, it was held that the bonds transferred were never infused with life and that an assignor thereof must answer to his assignee for the purchase money.

The case of Ruohs v. Third National Bank, 28 S. W. 303, was where the defect was in the public proceedings of a city in issuing bonds and falls within the rule announced in the case of Otis v. Cullum, supra.

In the case of Richardson v. Marshal County, 45 S. W. 440, a recovery was allowed on facts similar to those in the case of Meyer v. Richards, supra. In the case just mentioned a number of cases are discussed and in all of them falling under our observation where a recovery was permitted it was where the defect rendered the chose in action an absolute nullity and where such defect was not one that was discoverable on its face or by going to the authority under which it was issued and inspecting the proceedings.

A case similar to that of Meyer v. Richards is Rogers v. Walsh, 10 N. W. 467, afterwards followed in Walsh v. Rogers, 18 N. W. 135.

The case of Littauer v. Goldman, 72 N. Y. 506, 28 Am. 171, is the only case we have examined that holds squarely with the appellant's contention, but the decision therein rendered has been criticised in Meyer v. Richards, and in 1 Daniel on Negotiable Instruments (6 Ed.), sec. 733a.

It is pointed out in Meyer v. Richards that the recovery is allowed on the principle of a breach of a condition of the contract of sale (that is, the thing sold must be what it is described as being or what it purports to be), rather than on the theory of an implied warranty, which principle the writer of that opinion says the courts, in dealing with this question, have at times misnamed by speaking of it as an implied warranty.

In our case, whether it be placed on the ground that it is a breach of the condition, or a breach of an implied warranty, a recovery should be permitted.

We find the following language used in 1 Daniel on Negotiable Instruments (6 Ed.), sec. 733a, p. 842, in discussing the rights of an assignor: ". . . every reason that authorizes his recovery when it is void for forgery, applied when it is void for any other cause which disables him from enforcing it against those apparently bound."

The defendant had no lien on the lot described in the tax bill, and when he sold it to plaintiff, plaintiff had no more right under what it received than it had prior to parting with its money. The consideration, therefore, wholly failed by reason of the void character of the paper. [Harlow v. Putnam, 124 Mass. 553.]

The doctrine herein announced was recognized by this court in the case of Hill v. Dillon, 176 Mo. App. 1. c. 203, 161 S. W. 881, in this language: "Where that which is assumed to be bargained and sold has no existence, a different principle applies; and for this reason it has been held that the sale of a void patent, or of a license thereunder, would not be consideration for

a contract," citing Harlow v. Putnam, just referred to. In the case of Hill v. Dillon, the purchaser received what he bargained for, that is, stock in a corporation. He lost his money because the stock was not worth what he thought it was. If, in that case, when he bargained for stock, there had been delivered instead valueless chips and whetstones, the result would have been otherwise. Here, it is not contended that had plaintiff got what it bargained for—that is, a lien on the Baxter lot—it could then have recovered if it developed that the lot was not worth what plaintiff thought it was; but plaintiff's recovery is based upon the ground that defendant bargained with plaintiff to deliver to it a lien on property when in fact no lien whatever was delivered because none had ever been created.

At the oral argument, counsel for appellant contended that the defect in this tax bill was a latent defect unknown to the seller and that he should be governed by the same rule as to implied warranty that governs in the case of the sale of a horse apparently sound but in fact diseased which condition was unknown to both seller and buyer. We think, however, that this case falls within the rule permitting a recovery where the seller sells a dead horse to the purchaser, the recovery in which case is not based upon an implied warranty at all but on a failure of one of the conditions of his contract—that is, that he will deliver that which he purports to sell, and fails to do so. Or it may be compared to the case where one agrees to sell corn but in fact delivers wheat.

We therefore hold that the defect making this tax bill a nullity—not arising out of a failure of the city council to take the proper steps in its proceedings nor out of any invalid law or ordinance—but growing out of an entirely independent collateral act rendering defendant's claim against the Baxter lot void *ab initio,* constitutes a total failure of consideration, which re-

quires that he pay back the money he acquired in exchange for the void paper.

This being the decisive question in the case it is enough to say that we have examined other points raised by appellant and find that reversible error was not committed at the trial.

The judgment is affirmed. *Robertson, P. J.,* concurs. *Sturgis, J.,* concurs in the result. .