(June 30, 1917.)

## H. S. MILNER, Respondent, v. C. W. PELHAM, Appellant.

[166 Pac. 574.]

SALE OF VOID COUNTY WARRANTS—FAILURE OF CONSIDERATION—IMPLIED PROMISE ON PART OF SELLER TO REPAY PURCHASER.

1. Where one purchases county warrants from the payee thereof, which warrant issue is thereafter held by the district court, in a proper action, to be null and void, and the county treasurer enjoined from paying the same, and the order of the county commissioners, directing the auditor to issue the warrants, is reversed and vacated, there is a total failure of consideration from the seller of such warrants, since the purchaser did not in fact receive the county warrants he supposed he was buying, but only pieces of worthless paper.

2. Whenever one party has in his possession money which in equity and good conscience belongs to another, the law raises a promise upon the part of the first party to repay such money.

3. *Held,* that under the facts and law of this case, the trial court committed no error in instructing the jury to return a verdict for respondent.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Action to recover for money had and received. Directed verdict for plaintiff. *Affirmed.*

C. H. Potts, for Appellant.

There is no implied warranty on the part of one who sells county warrants or other securities that the same are valid or were issued by proper legislative authority. The doctrine of *caveat emptor* applies.

"There is an implied warranty of genuineness on a sale of notes, bonds, or other securities. There is, however, no implied warranty that municipal officers who issued the securities sold have lawful authority to do so." (35 Cyc. 396; *Otis v. Cullum,* 92 U. S. 447, 23 L. ed. 496; *Sutro v. Rhodes,* 92 Cal. 117, 28 Pac. 98; *Crocker-Woolworth Nat. Bank v.*

*Nevada Bank,* 139 Cal. 564, 96 Am. St. 169, 73 Pac. 456, 63 L. R. A. 245; *Harvey v. Dale,* 96 Cal. 160, 31 Pac. 14; *O'Sullivan v. Griffith,* 153 Cal. 502, 95 Pac. 873, 96 Pac. 323; *White v. Robinson,* 50 Mich. 73, 14 N. W. 704; *Christy v. Sullivan,* 50 Cal. 337.)

Black & Wernette, for Respondent.

Respondent in the case at bar did not get county warrants which he bargained for, but only got worthless similitudes of such warrants, which were of no value whatever, for the money he paid for them, which were invalid when sold by appellant to respondent. (*Pugh v. Moore,* 44 La. Ann. 209, 10 So. 710; *Rogers v. Walsh,* 12 Neb. 28, 10 N. W. 467; *Walsh v. Rogers,* 15 Neb. 309, 18 N. W. 135; *Terry v. Bissell,* 26 Conn. 23; *Levy v. First Nat. Bank,* 27 Neb. 557, 43 N. W. 354.)

An action for money had and received will lie to recover money paid by plaintiff to defendant for a consideration which has wholly failed, unless the failure of consideration is due to some fault on the part of plaintiff himself. (*Keller v. Hicks,* 22 Cal. 457, 83 Am. Dec. 78; *Meyer v. Richards,* 163 U. S. 385, 16 Sup. Ct. 1148, 41 L. ed. 199; Benjamin on Sales, 4th Am. ed., secs. 600, 607; *Utley v. Donaldson,* 94 U. S. 29, 24 L. ed. 54; *Flandrow v. Hammond,* 148 N. Y. 129, 42 N. E. 511; *Wood v. Sheldon,* 42 N. J. L. 421, 36 Am. Rep. 523.)

If a warrant was sold which was null and void, the vendor would be liable to refund the consideration to the vendee if the instrument were not valid and legal according to its purpose. (1 Daniel on Negotiable Instruments, 6th ed., 543.)

BUDGE, C. J.—Respondent brought this action against appellant to recover the sum of $704, which he had theretofore paid appellant for four Kootenai county warrants, drawn on the current expense fund of said county. The $700 represented the face value of the warrants and the $4 the accrued interest.

Respondent alleged in his complaint that he had received the warrants in good faith, and thought that they were valid

and could and would be paid out of the current funds of Kootenai county, but when he had received the warrants, as aforesaid, an action was commenced in the district court in and for Kootenai county, as a result of which action the warrants were declared and held to be null and void; that the treasurer of the county was enjoined from paying the same and the order of the county commissioners, which had theretofore been entered, directing the auditor to issue the warrants was reversed and vacated; that thereafter he requested appellant to repay the sum paid for the warrants, which appellant refused to do; that by reason of the warrants being void there was a total failure of consideration from the appellant to respondent for the said sum of $704; and that for this reason appellant impliedly agreed and promised to pay respondent the said sum, together with interest thereon at the rate of seven per cent per annum from April 7, 1914, that being the date that the warrants were sold and transferred by appellant to respondent.

A second count is set up in the complaint in substance containing the same allegations as the first, with an additional allegation that at the time of the sale appellant had orally guaranteed that the warrants were good and valid.

A demurrer was interposed to the complaint, which was overruled and appellant filed an answer, specifically denying the allegations of the complaint and setting up as an affirmative defense that at the request of respondent he had sold all of his right, title and interest in and to the warrants to respondent for the sum mentioned in the complaint; that upon the payment of the sum appellant assigned each of the warrants to respondent by writing his name across the back thereof; that his signature was placed on the back of said warrants for the sole purpose of assigning his interest in them to respondent, which respondent knew; that before purchasing said warrants respondent made an investigation on his own behalf of the conditions upon which they had been issued and was fully apprised of all the facts in connection with them, and relied upon his own investigation and not upon any representation or statement of appellant or upon the sig-

nature of appellant written upon the back of them; that respondent had equal opportunity and means of knowledge with appellant to ascertain whether or not the warrants were good and valid and were legal obligations of said Kootenai county, and ought to be estopped from stating or claiming that he purchased them because of any representations or statements of appellant with reference thereto, or because of appellant signing them and writing his name on the back thereof.

The facts, so far as material, are as follows: Some time prior to the 7th day of April, 1914, the board of county commissioners of Kootenai county had undertaken to purchase, for the use of the county assessor, certain plots and estimates of timber, based upon cruises of a portion of a former Indian reservation in said county, and in payment therefor had ordered the auditor to issue county warrants, drawn on the current expense fund of the county, in favor of appellant. On the 7th day of April, 1914, appellant sold, assigned and transferred the warrants to the respondent and received therefor $704, said sum being the face value of the warrants plus the accrued interest, and at the time indorsed his name on the back of each of said warrants. Thereafter an appeal was taken from the order of the board of county commissioners, directing the warrants to be drawn, and the district court, after hearing said appeal, decreed the warrants to be null and void, upon the ground that they were illegally issued. The court instructed the jury to find a verdict in favor of the respondent, which it did and judgment was entered thereon.

This appeal is from the judgment. Appellant's brief contains seven assignments of error. The solution of the whole case depends upon the questions raised by the 4th and 5th assignments of error, which are in substance that the court erred in instructing the jury to find a verdict for respondent. The sole question presented is, whether or not, under the circumstances of their sale, the warrants were a good consideration for the money which respondent paid for them.

The evidence shows that there was nothing about the warrants in question to distinguish them from any other Kootenai county warrants, drawn on the current expense fund. The

question of warranty or guaranty does not enter into the case as disclosed by the evidence. Respondent purchased Kootenai county warrants but he did not receive Kootenai county warrants, what he did receive was merely four pieces of worthless paper, on their faces similar in all respects to valid Kootenai county warrants. Such was the holding in *Rogers v. Walsh*, 12 Neb. 28, 10 N. W. 467. The view there taken was affirmed in the same case on another appeal. (*Walsh v. Rogers*, 15 Neb. 309, 18 N. W. 135.) These cases have been followed as authority and quoted with approval in *Logan County Bank v. Farmers' Nat. Bank* (Okl.), 155 Pac. 561–563; *Martin v. Hutton*, 90 Neb. 34, 132 N. W. 727, 36 L. R. A., N. S., 602; *Bank of Commerce v. Ruffin*, 190 Mo. App. 124, 175 S. W. 303–307, and in the well-considered case of *Meyer v. Richards*, 163 U. S. 385, 16 Sup. Ct. 1148, 41 L. ed. 199. The latter case distinguishes the case of *Otis v. Cullum*, 92 U. S. 447, 23 L. ed. 496, upon which appellant seems largely to rely.

The same principle was applied at an early day by the California court in the case of *Kreutz v. Livingston*, 15 Cal. 344. The latter case has been followed in *Dashaway Assn. v. Rogers*, 79 Cal. 211, 21 Pac. 742; *Ehrman v. Rosenthal*, 117 Cal. 491, 49 Pac. 460; *Gregory v. Clabrough's Exrs.*, 129 Cal. 475, 62 Pac. 72.

The principle involved is the one which lies at the very foundation of all *quasi*-contractual obligations, and is based primarily upon questions of equity and good conscience. Whenever one party has in his possession money which in equity and good conscience belongs to another, the law raises a promise upon his part to repay it. The principle is well stated in the portion of the opinion in *Kreutz v. Livingston, supra*, which quotes in part from the opinion of Parker, C. J., in *Hall v. Marston*, 17 Mass. 575, as follows:

"The principle of this doctrine is reasonable, and consistent with the character of the action of assumpsit for money had and received. There are many cases in which that action is supported without any privity between the parties other than what is created by law. Whenever one man has in his hands the money of another, which he ought to pay over, he is liable

to this action, although he has never seen or heard of the party who has the right. When the fact is proved that he has the money, if he cannot show that he has legal or equitable ground for retaining it, the law creates the privity and the promise.''

It is clear from the facts and the foregoing authorities that the trial court committed no error in instructing the jury in this case to return a verdict for respondent.

We have examined the other assignments of error and find them without merit. The judgment is therefore affirmed. Costs awarded to respondent.

Morgan and Rice, JJ., concur.